(173 App. Div. 413)

### JAMES ACKROYD & SONS v. PROCTOR.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. CONTRACTS ⬅⮕277(2)—BREACH—DEMAND FOR PERFORMANCE—SUFFICIENCY.
    A building contract provided that, upon the contractor's failure to furnish satisfactory labor, the owner, after three days' written notice, could himself supply it. *Held*, that a letter requesting the contractor to supply satisfactory labor, but not stating the owner's intention to do so himself after three days, was not the contemplated notice.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1228–1232; Dec. Dig. ⬅⮕277(2).]

2. CONTRACTS ⬅⮕306(4)—PERFORMANCE—NOTICE.
    Although a building contract authorized the owner to use the contractor's material without payment upon his default after written notice, yet where the notice is not given the contractor may recover on a quantum meruit for the materials used.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1531, 1533; Dec. Dig. ⬅⮕306(4).]

Appeal from Trial Term, Albany County.

Action by James Ackroyd & Sons against Frederick F. Proctor. Judgment for defendant, dismissing the complaint at the close of plaintiff's evidence, and plaintiff appeals. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Frederick E. Wadhams, of Albany (Andrew J. Nellis, of Albany, of counsel), for appellant.

William F. S. Hart, of New York City (John T. Norton, of Troy, of counsel), for respondent.

COCHRANE, J. On June 29, 1914, the plaintiff, a domestic corporation, entered into a written contract to provide material and labor

⬅⮕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the roofing and sheet metal work of a theater of the defendant in the city of Troy. The contract contained the following provisions:

"Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect, or failure being certified by Fred G. Webber, or the architect, the owner shall be at liberty, after three days written notice to the contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architect shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work, and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor."

The contract further provided that all work should be performed "with labor satisfactory to Fred G. Webber." Plaintiff entered upon the performance of this contract, engaging therefor nonunion laborers. This was unsatisfactory to Mr. Webber, and he, on August 7, 1914, sent the plaintiff a letter in which he stated as follows:

"The labor with which you started on the above building on August 6th is unsatisfactory to me, in that we were unable to proceed with the balance of our work while your men were upon the building, and I therefore request that you immediately proceed to carry out your contract with men who are satisfactory to me, which men must be those who will not disrupt our organization upon the work, and be able to do their work in a workmanlike manner, and in accordance to the plans and specifications. If conditions in Troy are as you state, that 'you are engaged all the time on building work, where other branches of the work are being carried on by organized labor,' I see no reason why you cannot straighten this matter out at once, and place yourself and the above job in a similar position which we understand from your letter to be an orderly and peaceful one."

The plaintiff made three efforts to continue the performance of its contract, using each time the same men. The defendant persisted in his refusal to allow these men to work on the building, and on August 13th his superintendent, De Witt, sent a letter to the plaintiff, stating that the labor was not satisfactory to Mr. Webber, and that it was the same labor which caused a disruption of defendant's organization the former week. No other written communication passed between the parties until August 22d. The plaintiff had delivered on the premises of the defendant a quantity of material for use in the completion of the contract, but it had not used the same, because of the disagreement over the laborers. On the last-mentioned date Webber wrote to the plaintiff as follows:

"Re Proctor's—Troy.

"Gentlemen: We understand that you have a certain amount of roofing materials delivered upon the above job, and would ask you if you have sufficient quantity of all roofing materials necessary for the job, and, if so, what your price for them will be, and if not all delivered upon the job, in what quantities and your price. Your prompt attention to the above will greatly oblige."

To this communication the plaintiff replied, under date of August 27th, specifying the materials which had been delivered and the total

valuation of the same. The defendant furnished its own men, and used on the building in question the material so furnished by the plaintiff, and on October 1st Webber wrote to the plaintiff that there was some material left and requesting that it be removed. Plaintiff immediately removed the material which had not been used. This action is brought on a quantum meruit to recover the value of the materials furnished by the plaintiff and used by the defendant under the circumstances above stated. The trial justice granted a nonsuit at the conclusion of the plaintiff's evidence, on the ground that the written contract was a defense to the action on a quantum meruit.

[1] If the plaintiff was in default in the performance of its contract because of the fact that nonunion men were unsatisfactory to Webber, or for any other reason, the contract contained within itself ample provisions as above set forth whereby the defendant might himself complete the contract at the proper expense of the plaintiff. But the defendant does not seem to have availed himself of these provisions. The architect did not certify that the refusal, neglect, or failure of the plaintiff was sufficient ground for the termination of the contract, and therefore the defendant could not avail himself of the provision in the contract whereby he could take possession of the materials then on his premises for the purpose of completing the work included in the contract. The contract, however, provided another remedy, which was that, if Webber or the architect certified to the refusal, neglect, or failure of the plaintiff in the performance of any part of the contract, the owner should be at liberty "after three days' written notice to the contractor" to provide the necessary labor or materials, and to deduct the cost thereof from any money which might become due to the plaintiff under the contract. It may be that the communication of Webber under date of August 7, 1914, constituted a sufficient certificate of the plaintiff's failure to furnish satisfactory laborers within the meaning of the contract; but it did not constitute the notice contemplated by the contract that the owner after three days would provide satisfactory laborers himself at the expense of the plaintiff. On the contrary, such communication of Webber constituted a distinct request to the plaintiff to carry out its contract with men satisfactory to Webber. The notice contemplated by the contract was that the owner after three days would exercise his option to provide labor or material himself. The purpose of this provision in the contract was to give the contractor time and opportunity to overcome his own delinquency, and to notify him that in case he failed to do so after three days the defendant should have the option of supplying such delinquency at the expense of the plaintiff. No such notice was given to the plaintiff. The communication of Webber contained no intimation that the owner intended to exercise his option of furnishing the necessary labor after three days, but, on the contrary, he requested that the plaintiff itself should furnish satisfactory labor. The entire tenor of the communication was to this effect. Neither in this communication nor in any other did the defendant in the slightest manner intimate to the plaintiff that it intended to exercise its option of supplying labor in case the plaintiff failed in respect thereto.

[2] When, therefore, the defendant appropriated the material in question belonging to the plaintiff, he did not do so under any provision in the contract, nor in reliance on the same. The appropriation by the defendant of the plaintiff's property was not pursuant to the terms of the contract, but was an independent act. He was not standing on the contract, but was departing therefrom. That such is the fact is further emphasized by the letter of Webber of August 22d, in which he inquired what the price of the material would be which was already delivered, and what the quantity and price would be of such as was not yet delivered. After receiving the plaintiff's answer as to the material which had been delivered and the total valuation thereof, the defendant proceeded to use a portion of it, and notified plaintiff to remove what was left. The defendant might have given the plaintiff written notice to furnish satisfactory labor within three days, and that in default thereof he would supply such labor himself, in which event, on the continued default of the plaintiff for three days, the defendant with his own labor might have used the materials in question in fulfillment of the contract. In such case he could have required an adjustment of the expense in accordance with the contract, and the only remedy of the plaintiff would have been on the contract. But according to the evidence the defendant was not relying on the written contract, but was proceeding independently of the same, as he also had a right to do. Under such circumstances we think the action was well brought on a quantum meruit, and that the nonsuit was erroneous.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.