FIFTY-SECOND STREET OPERATING CORPORATION, Appellant, *v.* REGUS REALTY CORPORATION, Respondent, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.

First Department, October 28, 1932.

*Floyd M. Grant* of counsel [*Crandall, Grant & Williams,* attorneys], for the appellant.

*Samuel Davis* of counsel [*Edward S. Wachsman* with him on the brief; *Samuel Lax,* attorney], for the respondent.

SHERMAN, J. At Special Term the complaint in this action for the foreclosure of plaintiff's second mortgage on premises in the county of New York was dismissed after a trial. This appeal presents a question of law raised by exceptions taken to the decision, under section 616 of the Civil Practice Act.

These findings of fact, relating to the bond and mortgage, were made:

" *Sixth.* That said bond contained the following provision: ' And it is hereby expressly agreed that the whole of the said princi-

pal sum shall become due at the option of said obligee after default in the payment of interest for thirty days, or after default in the payment of any tax or assessment for thirty days after notice and demand.'

"*Seventh.* That said mortgage contained the following provision: 'That the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for thirty days, or after default in the payment of any tax, water rate or assessment for thirty days after notice and demand.'

"*Eighth.* That said mortgage contained the following provision: 'That notice and demand or request may be in writing and may be served in person or by mail.'"

It was also found that the taxes levied by the city against the mortgaged premises for both the first half and the second half of the year 1931 became liens against the premises and have not been paid; that during June, July, August and September, 1931, oral demands on plaintiff's behalf were made of the owner, Regus Realty Corporation, for payment of the first half of the 1931 taxes, and that in November, 1931, a like demand was made upon said respondent for payment of the entire 1931 taxes; and that in each of the above-mentioned months respondent promised to pay the 1931 taxes; but failed to do so.

The court also found that the following notice was sent by mail on November 16, 1931, addressed to respondent's president:

" DEAR SIR: You have promised to show me a receipt for the taxes, which you have not done. Unless you show me a receipt, I will be forced to take action.

" Yours truly,
" (Signed) JAMES S. CLIFFORD, JR."

Upon these findings the court based its conclusions of law: " That under the mortgage sought to be foreclosed herein, the provision that ' after default in the payment of any taxes, water rates or assessments for thirty days after notice and demand, * * * the whole of said principal sum should become due and payable ' meant thirty days after written notice and demand. That no proper notice and demand or request was given to the defendant, Regus Realty Corporation, for the payment of the said taxes within a specified time and to the effect that in the event of a failure so to do the plaintiff would elect to declare the whole principal sum due and payable."

The correctness of these conclusions, which led to the dismissal of the complaint, is here for review. Did plaintiff give defendant sufficient notice and demand under the terms of the mortgage to

entitle it to succeed in this action to foreclose the mortgage as accelerated by default for non-payment of taxes?

The mortgage follows the statutory form as set forth in Schedule M of section 258 of the Real Property Law and contains clauses 4 and 8 of that form, which appear in the findings of fact hereinbefore quoted.

Respondent claims that the written notice is ineffective in that it does not comply with subdivisions 2 and 8 of section 254 of that statute, which give the rules of construction which must govern.

But that statute does not require the use of particular words of notice. No special or artificial phrasing is required to be employed in giving notice that the tax is unpaid, or in demanding that it be paid.

We hold that the notice given to respondent fully meets the statute's requirement. The circumstances must be taken into consideration in construing the words used. Oral demands for payment of past due taxes had, on several occasions, been made of respondent, and it had repeatedly promised to pay them but had not done so. The written demand that the mortgagor should exhibit a receipt for the taxes clearly meant that respondent was required to pay these taxes. It was a plain forthright demand for their payment and for proof of such payment, and was accompanied by threat of action. It was as effective as though couched in formal legal verbiage. Thereafter plaintiff waited more than two months for compliance before beginning this action.

The statute does not make it a prerequisite that the mortgagor be given any notice of the mortgagee's election to deem the mortgage accelerated as to its maturity. Filing of the summons, verified complaint and *lis pendens* suffices. (*Albertina Realty Co. v. Rosbro Realty Corp.*, 258 N. Y. 472, 474.)

The judgment appealed from should be reversed, with costs, and judgment of foreclosure and sale as demanded in the complaint should be directed, with costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment of foreclosure and sale, as demanded in the complaint, directed, with costs. Settle order on notice.