No opinion. Adel, Sneed and Wenzel, JJ., concur; Johnston and MacCrate, JJ., concur for dismissal of the appeal from so much of the order of September 12, 1949, as relates to the denial of the motion for reargument and resettlement, as not appealable, but dissent and vote (1) to reverse the order dated May 26, 1949, and grant appellant’s motion for summary judgment, and (2) to dismiss the appeal from the balance oí the order of September 26, 1949, as academic in view of our recommendation as to the appeal from the order dated May 26, 1949, with the following memorandum : The action is to foreclose a purchase-money second mortgage of $1,500 executed August 15, 1947. The mortgage provided that the whole of the principal sum and interest shall become due at the option of the mortgagee after default in the payment of any tax, water rate, or assessment for thirty days after notice and demand. On June 23, 1948, respondents’ attorney wrote appellant that “ You having violated the provisions of your mortgage by failing to pay the taxes which have become a lien on said premises more than thirty days prior to the date hereto, the holders of said mortgage elects [sic] to declare immediately due and payable the principal balance due on the bond and mortgage. You are requested to see to it that payment of the principal balance of this mortgage is made at once.” Appellant did not pay the taxes due and the present action to foreclose based on default in payment of the entire principal and taxes was commenced January 21, 1949. The defaulted taxes were paid on February 7, 1949. The purported acceleration of the principal of the mortgage on June 23, 1948, was void because no prior notice or demand to pay the overdue taxes had been given. (Real Property Law, § 254, subd. 2.) The letter of June 23, 1948, is relied on by respondents to constitute the written notice and demand to pay the taxes required by the statute, no other notice, oral or written, having been given. Although the statute does not require the use of particular words or special or artificial phrases when notice is given that the taxes are unpaid and demand for payment is made (Fifty *852 Second St. Operating Corp. v. Regus Realty Corp., 236 App. Div. 497, affd. 261 N. Y. 672), in our opinion the letter of June 23, 1948, contained neither an express nor an implied demand for the payment of taxes. It was a demand for payment of the principal of the mortgage only. The principal was not then due and respondents had no right to accelerate payment thereof at that time. Neither did the letter contain any intimation that respondents intended to take action of some kind in the future in the event of failure of appellant to pay the taxes within thirty days after the letter. There is no dispute that appellant paid the taxes due within thirty days after the commencement of this action. Since the respondents had no right to accelerate the principal of the mortgage by this action or prior thereto because the notice and demand required by the statute were defective in the respects mentioned, appellant’s motion for summary judgment should have been granted. (Cf. Ackroyd & Sons v. Proctor, 173 App. Div. 413; Folz v. Shalow, 16 N. Y. S. 942.) [See post, p. 1021; 277 App. Div. 771.]