MAX BESAS, Plaintiff, *v.* AARON SLOBODOFF, UTAH REALTY CORPORATION and Others, Defendants.

Supreme Court, Bronx County, April 1, 1927.

Mortgages — foreclosure — clause in mortgage following form in Real Property Law, § 258, accelerating due date on default in payment — said clause construed, under Real Property Law, § 254, subd. 2, as limiting thirty days' provision to payment of interest — mortgagor mistaken in construction of provision, and, under circumstances, relieved from penalty on payment of terms.

A clause in a mortgage in the form prescribed in schedule M of section 258 of the Real Property Law, that " the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for thirty days," must be construed, under subdivision 2 of section 254 of the Real Property Law, as limiting the thirty days' provision to the payment of interest and is not applicable to an installment of the principal.

Accordingly, the mortgagee was within his rights in demanding payment of the whole principal, and his action of foreclosure is well founded, although the mortgagor made a tender before the thirty days had expired.

The mortgagor will be relieved, however, from the penalty of the acceleration of the due date of the balance of the principal upon payment of the interest and the installment of principal with interest on each amount from its due date, together with costs of the action, since it appears that he acted in good faith under a mistaken conception as to the meaning of the provision of the mortgage; that he tendered payment within a short period after it was due; that there is no evidence that the mortgagee suffered any damage by the delay; and that on the due date the mortgagor did not know who was the owner of the mortgage.

ACTION to foreclose a mortgage on real property.

*Eugene L. Brisach,* for the plaintiff.

*Meyer D. Siegel,* for the defendant Utah Realty Corporation, owner of equity of redemption.

Tierney, J. The mortgage in this case called for an installment payment of a part of the principal and provided that " the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for thirty days." Ordinarily this would be construed as giving the mortgagor a leeway of thirty days within which to pay an installment of principal or interest before the balance of the principal should become due. But the parties have employed the wording of the statutory form of mortgage. (Real Prop. Law, § 258, sched. M, as amd. by Laws of 1917, chap. 681.) In such case the Legislature has taken from the court the function of construction and enacted that these words shall have a statutory meaning which limits the thirty days' provision to the payment of interest. (§ 254, subd. 2, as amd. by Laws of 1917, chap. 682.) When the installment of principal was unpaid on the due date the balance of the principal became due at the option of the mortgagee. The mortgagor assumed that he had thirty days of grace within which to pay the installment of principal and did not make a tender on the due date, but did make a tender before the thirty days had expired, but after this action had been commenced. The mortgagee refused to accept the tender upon the ground that the whole of the principal had become due and he had brought this action to foreclose the mortgage, claiming the whole amount as due and in default. The mortgagor was mistaken in his construction of the mortgage and was also under the common erroneous impression that the provision requiring the lapse of a certain time after a default before the acceleration of the time of payment of the principal goes into effect gives a period of grace for payment. The payment of interest and of installment of principal becomes due on the date specified in the mortgage and there is an immediate default if not then paid and the time is not enlarged by any provision in respect to the acceleration of the due dates of the balance. The mortgagee was within his rights in demanding payment of the whole principal and his action of foreclosure is well founded. The disposition of the courts towards this question of acceleration has been modified by recent decisions. In earlier cases there was an attitude of reluctance to grant any relief against the enforcement of the provision. It was said that the parties had made their contract and that the court had no right to modify its effect. But later decisions regard this provision for acceleration of the due date as in effect a penalty for default in complying strictly with the terms of the contract and hold that it may be relieved against by a court of equity when the plaintiff invokes the jurisdiction of such a court to foreclose his mortgage. The mortgagor acted in good faith under a mistaken conception of

the law. He was ready and willing and tendered payment within a short period after he should have made the payment. There is no evidence that the mortgagee suffered any damage by the delay or might not have accepted payment without prejudice. The plaintiff is not the mortgagee of record, but holds title under an unrecorded assignment. As the mortgagor did not make tender to the holder of record, he seems to have waived any objection on this score, but there is evidence that on the due date the mortgagor did not know who was the owner of the mortgage. I think that under all the circumstances of this case the mortgagor should be relieved from the penalty of the acceleration of the due date of the balance of the principal. The plaintiff is in the right in his legal position and the mortgagor is in default through his own mistake. The court is relieving him from the effect of his mistake as a matter of equity and it must be on terms that will eliminate any chance of injustice to the plaintiff. These terms will be that the mortgagor pay the interest and the installment of principal, with interest on each amount from its due date, and pay the costs of the action. If these payments are made the complaint will be dismissed. If these payments are not made a judgment of foreclosure and sale will be made in this action. Let a decision be settled on notice accordingly.