Lee McCanliss, Appellant, v. Irene McCanliss, Respondent. (Appeal No. 1.) — Order granting defendant's motion for temporary alimony, for additional counsel fees, and for an allowance for disbursements affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

Lena Meretzky, Appellant, v. Westchester Trust Company and Joseph Wolff, Respondents.— Order and resettled order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

More Realty Corporation, Appellant, v. Morris Mootchnick and Lena Krieger, Respondents, and Others, Defendants.— Judgment reversed upon the law and the facts, without costs, and a new trial granted. The bond incorporated therein the covenant of the mortgage declaring the principal sum due after default in the payment of any installment of principal. There was such a default, as matter of fact. (*Graf* v. *Hope Building Corp.*, 254 N. Y. 1.) The mortgage clause is the standard provided by Schedule M of section 258 of the Real Property Law;* and as construed by subdivision 2 of section 254 of that law,† the default in payment of an installment of principal on the day whereon it is made payable accelerates the due date of the entire principal of the mortgage. (*Besas* v. *Slobodoff*, 129 Misc. 205.) The defense sought to establish that the parties had customarily, ever since the making of the mortgage, paid and received the quarterly installments of principal and of interest within the ten days' grace period for the payment of interest. The view taken by the learned trial justice was that the case should be determined on another ground. We are of opinion that this defense is the sole ground upon which this action can be opposed. If plaintiff continuously since the making of the mortgage received installments of principal as well as interest at a period subsequent to the due date but still within the ten days' grace period for the payment of interest, thus, by their continued dealings, leading defendant into the honest belief that the grace period applied to both interest and installments of principal, a finding that the plaintiff should be estopped from foreclosing in the circumstances would be warranted. Findings of fact numbered 3 and 7 are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

Genanna C. Morton, Respondent, v. Walter E. Morton, Appellant.— Order denying defendant's motion for reduction of alimony affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

* Amd. by Laws of 1917, chap. 681.— [Rep.
† Amd. by Laws of 1917, chap. 682, and Laws of 1930, chap. 150.— [Rep.