ALBERTINA REALTY COMPANY, Respondent, *v.* ROSBRO REALTY CORPORATION, Appellant, Impleaded with Others.

(Argued February 15, 1932; decided March 3, 1932.)

*Joseph Kahn, D. Freiberger* and *J. Freiberger* for appellant. As the summons and complaint were served subsequent to a tender made by defendant of the installment due and no other election to declare the entire principal due was made prior to the service of the summons, the action was premature and should have been dismissed. (*Trowbridge* v. *Malex Realty Corp.*, 111 Misc. Rep. 211; 198 App. Div. 656; *Cohen* v. *Beiber*, 123 App. Div. 528; *Haynes* v. *Onderdonk*, 2 Hun, 619; *Nosrep Corp.* v. *Clinton Securities Corp.*, 193 App. Div. 878; *Kilpatrick* v. *Germania Life Ins. Co.*, 183 N. Y. 163.) If the statutory construction of the acceleration clause contained in subdivision 2 of section 254 of the Real Property Law is to be taken as an absolute legislative fiat in disregard of the intent of the parties using the language it is to be deemed unconstitutional as an impairment of the obligation of contracts or a denial of the freedom to enter into lawful contracts. (*Besas* v. *Slobodoff*, 129 Misc. Rep. 205; *Matter of Thurber*, 162 N. Y. 244; *Carpenter* v. *Newland*, 92 Misc. Rep. 596; *People* v. *Fox*, 144 App. Div. 611; *Newell* v. *People*, 7 N. Y. 9.)

*Samuel W. Dorfman* and *Jacob R. Schiff* for respondent. The record shows an election by plaintiff to declare the entire balance of principal due prior to the tender made by defendant. (*Hothorn* v. *Louis*, 52 App. Div. 218; 170 N. Y. 576; *Beach* v. *Shanley*, 35 App. Div. 566; *Cresco Realty Co.* v. *Clark*, 128 App. Div. 144; *Pizer* v. *Herzig*, 120 App. Div. 102.) The plain language of subdivision 2 of section 254 of the Real Property Law, construing the very clause contained in the mortgage

being foreclosed, cannot be disregarded. (*Besas* v. *Slobodoff*, 129 Misc. Rep. 205; *Kelmenson* v. *Boulevard Construction Corp.*, 232 App. Div. 847; *Hothorn* v. *Louis*, 52 App. Div. 218.)

HUBBS, J. Plaintiff is the holder of a real property mortgage upon which there became due one hundred sixty-six and 66/100 dollars ($166.66) of principal on July 15th, 1930, which was not paid. On July 18th the plaintiff caused to be filed in the office of the County Clerk a summons and verified complaint and a *lis pendens* in an action to foreclose the mortgage. The complaint alleged the default in payment of the installment of principal and stated that the plaintiff elected that the entire balance of principal remaining unpaid should immediately become due and payable. Three days later, on July 21st, the appellant, then owner of the premises in question, tendered to the plaintiff the amount of the installment of principal which became due on July 15th. The plaintiff declined to accept the tender upon the ground that it had elected to declare due the whole amount unpaid on the mortgage, had turned the matter over to its attorney and the summons and verified complaint and *lis pendens* had been filed in the County Clerk's office. The mortgage contains an acceleration clause which reads: " That the whole of said principal sum shall become due after default in the payment of any installment of the principal or of interest for thirty days, or after default in the payment of any tax, water rate or assessment for thirty days after notice and demand."

At the trial two questions of importance were raised. *First*, at the time of the tender had the whole amount of the principal become due because the plaintiff had so elected, and *second*, did the mortgage give plaintiff the right to so elect, before the expiration of thirty days from the due date?

It is conceded by appellant that if the action had been commenced by the service of the summons upon one or more defendants before the tender, the tender would have been too late, as the notice of plaintiff's election would have been sufficiently evidenced by the commencement of the action.

It is urged, however, that, as the action had not been commenced by the service of a summons (Civ. Pr. Act, § 218), there had been no election at the time of the tender and the only amount then due was the amount tendered which tender precluded the plaintiff from thereafter maintaining the action to recover the full amount unpaid. We think the construction urged by appellant is too narrow.

The acceleration clause does not constitute a forfeiture or a penalty. It is a fair and legal contract which the parties to the mortgage had a right to enter into. (*Noyes* v. *Anderson*, 124 N. Y. 175, 180; *Graf* v. *Hope Building Corp.*, 254 N. Y. 1.) There is no claim that the contract was made as a result of fraud or mistake.

It is true that on July 15th, and until the plaintiff exercised his right to have the whole amount become due, there remained due only the installment of one hundred sixty-six and 66/100 dollars ($166.66) of principal, and if the tender was made before the right of election was exercised, it could not be thereafter availed of by plaintiff. (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144.) (See, also, *Brown* v. *Kennedy*, 309 Mo. 335; 41 A. L. R. 729, 732 and note.) No demand was necessary to enable plaintiff to elect to exercise his right to insist that the whole amount was due. (*Hothorn* v. *Louis*, 52 App. Div. 218; affd., 170 N. Y. 576; *Northampton Nat. Bank* v. *Kidder*, 106 N. Y. 221; *New York Security & Trust Co.* v. *Saratoga Gas & El. L. Co.*, 88 Hun, 569; affd., 157 N. Y. 689.)

The agreement does not provide what the holder of the mortgage must do to evidence its election to declare the whole amount due. Such a provision could have

been embodied in the contract if the parties had so desired.

The trial court found as a fact that the plaintiff had elected that the whole of the principal should immediately become due and payable. Such finding was justified by the evidence. It is unnecessary to decide just what a holder of a mortgage must do to exercise the right of election, under an acceleration clause. We are satisfied, however, that the unequivocal overt act of the plaintiff in filing the summons and verified complaint and *lis pendens* constituted a valid election. It disclosed the choice of the plaintiff and constituted notice to all third parties of such choice. To elect is to choose. The fact of election should not be confused with the notice or manifestation of such election. The complaint recited that the plaintiff had elected. The mere fact that before the summons could be served, the defendant made a tender, did not as a matter of law destroy the effect of the sworn statement that plaintiff had elected. (*Hothorn* v. *Louis, supra; Pizer* v. *Herzig,* 120 App. Div. 102; 2 Jones on Mortgages [7th ed.], § 1182.)

The acceleration clause used in the mortgage is the statutory clause provided by Schedule M of section 258 of the Real Property Law (Cons. Laws, ch. 50). That section " does not prevent or invalidate the use of other forms."

The parties to the mortgage in question were not limited to the use of the form of acceleration clause contained in the mortgage in question. They might have provided that the whole of the principal sum should become due after any default in the payment of *principal* or interest for thirty days, thereby providing that the days of grace should apply to a default in the payment of an installment of the *principal* as well as of the interest.

Having chosen the statutory form, they are bound by the statutory construction given that form, as the mortgage was executed after the enactment of the statute.

Section 254, subdivision 2, as amended by Laws of 1917, chapter 682, provides that such acceleration clause " must be construed as meaning that should any default be made in the payment of any installment of principal or any part thereof, or in the payment of the said interest, or of any part thereof, on any day whereon the same is made payable, or should any tax, water rate or assessment, which now is or may be hereafter imposed upon the premises hereinafter described, become due or payable, and should the said interest remain unpaid and in arrear for the space of ———— days, or such tax, water rate or assessment remain unpaid and in arrear for ———— days after written notice by the mortgagee or obligee, his executors, administrators, successors or assigns, that such tax or assessment is unpaid, and demand for the payment thereof, then and from thenceforth, that is to say, after the lapse of either one of said periods, as the case may be, the aforesaid principal sum, with all arrearage of interest thereon, shall, at the option of the said mortgagee or obligee, his executors, administrators, successors or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired, anything thereinbefore contained to the contrary thereof in any wise notwithstanding."

The effect of such construction is to make the default in the payment of the installment of *principal* on the due date, a ground for accelerating the due date of the entire principal of the mortgage at the election of the holder thereof without regard to the days of grace allowed in case of default in the payment of interest. The distinction between the effect of a default in the payment of an installment of principal and a failure to pay interest on a due date is of vital importance. The distinction has been called to the attention of the profession in the cases where the question has been raised, but has never before been passed upon by this court. (*More Realty Corp.* v.

*Mootchnick,* 232 App. Div. 705; *Kelmenson* v. *Boulevard Construction Corp.,* 232 App. Div. 847.)

We have considered the other questions raised by appellant and are satisfied with the disposition made of them in the Supreme Court.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.