HARRY KRESNER, INC., Respondent, v. FISCHEL FUCHS and Others, Appellants, Impleaded with Others, Defendants.— Order and interlocutory judgment reversed on the law and the facts, with ten dollars costs and disbursements, and plaintiff's motion to strike out the answer of defendants and for summary judgment denied, with ten dollars costs. The plaintiff undertook through an executive officer to notify the defendant mortgagors when the quarterly payments fell due. This was largely for its own convenience so that the interest would be paid promptly. The mortgagors had reason to rely on the notice, for the interest payment did not become due on the first day of the month, but on the eighteenth, and would not so easily be remembered. It was a purchase-money mortgage of $10,000 given in January, 1932. Notices of the due date were given for the April and July payments, apparently on a printed form and in accordance with plaintiff's general custom. None was given for October eighteenth. On November eighteenth one of defendants called on the telephone concerning the interest and was given an evasive answer. The next day the defendants offered payment. In the meantime plaintiff had sent the mortgage to its attorneys with instructions to commence foreclosure on the theory that there had been a default for thirty days and it had elected to declare the whole amount due for the failure to pay $150 interest. Before the action could be commenced either by service or by filing the summons, complaint and *lis pendens*, the defendants again tendered payment but the plaintiff refused to accept it, claiming it had " got " defendants as had been planned, and proceeded to impose onerous terms as a condition of refraining from foreclosure. Defendants allege that they have at all times been ready and willing to pay the interest. These briefly are the facts set up in the answer and the affidavits in opposition to plaintiff's motion for summary judgment, although in some respects they are disputed. The defendants should have opportunity to present these facts on the trial, so that the court may determine whether or not a tender was seasonably made, before the election to declare the entire sum due was made; whether the default was merely technical; and whether the conduct of the plaintiff and its principal officer was so unconscionable that a court of equity should deny it relief, at least in the form demanded. (*More Realty Corp.* v. *Mootchnick*, 232 App. Div. 705.) In times of financial depression such as those existing at present, courts do not favor oppressive acts on the part of mortgagees, though claimed to be founded on strict legal rights. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

LAND MARK CORPORATION, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent, and Others, Defendants. (Appeal No. 1.) — In view of the determination in *Land Mark Corp.* v. *Manufacturers Trust Co., Nos. 2 and 3 (post*, p. 844), decided herewith, the appeal from the order in so far as it dismisses the complaint as to defendant Manufacturers Trust Company is dismissed. Kapper, Hagarty, Carswell, Scudder and Davis, JJ., concur.