JOHN H. LEAKEY, Plaintiff, *v.* ALBERT A. J. SCHWING and Others, Defendants.

County Court, Jefferson County, January 5, 1934.

151

*Field & Swan,* for the plaintiff.

*Fred A. Grant* [*John H. O'Brien* of counsel], for the defendants.

KIMBALL, J. Action to foreclose a mortgage given by the defendants to the plaintiff, individaully and as committee of Myrtle Leakey, an incompetent person. The bond and mortgage were executed on September 16, 1932, and call for the payment of $900 by monthly payments of ten dollars on principal and interest. It is claimed by the plaintiff that there was a default in the payment of principal and interest and that by the acceleration clause in the bond and mortgage, the whole amount is now due.

The defendants claim that there is no default except in the payment of ten dollars principal due on March 16, 1933, and that such default is insufficient in law to enable the plaintiff to accelerate the payment of the whole balance of the mortgage. The defendants also claim that the bond and mortgage should be reformed to provide for a sixty-day default clause instead of the thirty-day clause now therein.

The action was commenced by service of summons and complaint on the 12th day of April, 1933. An answer was interposed and thereafter an amended complaint was served on May 19, 1933, and an answer to the amended complaint interposed.

The first question presented is whether there was a default in the payment of either principal or interest prior to the payment due on March 16, 1933. This must be determined by the effect of an item of sixteen dollars and twenty-five cents, which Mrs. Schwing testified she paid to one Jenkinson upon account of the

first mortgage which these defendants assumed, over and above the amount which the defendants owed thereon. I do not think there is any dispute but that Mrs. Schwing paid Jenkinson sixteen dollars and twenty-five cents, which was the obligation of the plaintiff to pay, it being interest accrued prior to the assumption of the first mortgage by the defendants. The defendants claim that such amount should be credited upon the payments to be made to the plaintiff upon the mortgage here in question. The plaintiff claims that there was sixteen dollars owing to him upon a previous contract between the parties, involving a chattel mortgage for $400. It appears there was an agreement by the plaintiff to presently accept $300 in liquidation of the chattel mortgage. This settlement was effected by the delivery to the plaintiff of two checks (Exhibits 17 and 18), one dated August 8, 1932, for forty dollars, and one dated September 17, 1932, for $260. The chattel mortgage was discharged August 19, 1932 (Exhibit 19). From the testimony and exhibits, I find that the payment of the $300 was a full and complete discharge and liquidation of the obligation evidenced by the chattel mortgage and that the plaintiff had nothing owing to him from the defendants on that account.

It follows, therefore, that the payment made to Jenkinson by Mrs. Schwing was, to the extent of sixteen dollars and twenty-five cents, a payment for and on behalf of the plaintiff, and the plaintiff not having reimbursed the defendants therefor, the defendants were entitled to have that amount credited to them upon their bond and mortgage to plaintiff. I am satisfied from the evidence that the defendants considered the advance made by them for and on behalf of the plaintiff was to be taken as a payment on the bond and mortgage. In any event, in equity, it should be so applied. No court would adjudge the foreclosure of this mortgage upon an alleged default of an installment of principal and accrued interest amounting to less than the amount owing by the mortgagee to the mortgagors.

Having disposed of the first question, there remains only the question of the alleged default in the payment of ten dollars of principal which was due on March 16, 1933, as I find that all other payments, to that date, were paid.

The interest due on March 16, 1933, cannot be made the basis for the acceleration of the payment of the whole mortgage for the reason that, under the terms of the mortgage as it stands now, the interest was not in default for thirty days upon the date of the commencement of the action.

By the terms of the bond and mortgage, the whole amount thereof would not be required to be paid in full until the expiration

of seven and one-half years. We have presented, therefore, a suit by the plaintiff to recover the full amount, less than seven months after the execution and delivery of the papers on the ground that ten dollars of principal was not paid on March 16, 1933, when it was due. The complaint was verified twenty-three days after the due date and served four days later, both events within thirty days of the due date. It appears that on April 15, 1933, a tender was made of the amounts due but was not accepted.

The plaintiff takes the position that, regardless of these facts and disregarding the question of whether in fair dealing and equity he ought to be permitted to maintain this action, he has a legal, as distinguished from an equitable, right to insist upon present payment of the whole amount and bases his legal right upon the proposition that under the terms of the bond and mortgage, the thirty-day grace period cannot be applied to the payment of principal. In other words, the plaintiff maintains that the grace period applied only to a default in the interest, and that as to the installment of principal due March 16, 1933, there is no grace period at all. This position of the plaintiff is based upon the decision in *Albertina Realty Co.* v. *Rosbro Realty Corp.* (258 N. Y. 472). The rule there laid down, harsh as it may be in certain cases, is binding upon this court and must be followed, provided the facts here bring the instant case within that rule.

I have carefully considered the opinion in *Albertina Realty Co.* v. *Rosbro Realty Corp.* (*supra*) as well as the memorandum opinions in *More Realty Corporation* v. *Mootchnick* (232 App. Div. 705) and *Kelmenson* v. *Boulevard Construction Corp.* (Id. 847). Both of the opinions in the Appellate Division cite *Besas* v. *Slobodoff* (129 Misc. 205). There can now be no question as to what construction shall be placed upon an acceleration clause which conforms to the precise wording of the statute (Real Prop. Law, § 258, schedule M, covenant No. 4). The Legislature has construed the meaning of the statutory form and the Court of Appeals has definitely settled any uncertainty relative thereto. Such legislative construction prevents the courts from construing the instrument according to the apparent intent of the parties. That being so and the courts having been curtailed in the exercise of the power of construction which is otherwise inherent in equity actions, it is highly necessary and advisable to limit the effect of such legislative construction to the narrowest possible range in order that justice and equity may be done.

The statutory clause is as follows: " That the whole of said principal sum shall become due after default in the payment of any

installment of principal or of interest for            days, or after default in the payment of any tax, water rate or assessment for days after notice and demand."

Under this clause, the whole principal actually becomes due one day or one hour or one minute after the due date of the installment of principal. The *Albertina* case holds, *obiter dictum*, that if a tender was made before the right of election was exercised, it could not be thereafter availed of by plaintiff. However, the statutory clause says that the whole of said principal sum *shall become due after default in the payment of any installment of principal*. It does not say that it shall become due *at the option of the mortgagee*, after default.

The construction of the statutory clause by subdivision 2 of section 254 of the Real Property Law does not add anything, so far as principal default is concerned, to the provisions of the statutory clause in section 258. The mortgagee, of course, may see fit not to take advantage of the default in principal, but the statute reads that the whole principal *shall become due* and apparently by the very provision the whole principal is due immediately upon default of any installment of principal, without any action of any kind on the part of the mortgagee. He may, of course, waive the default by failure to take advantage of it or he may elect to take advantage of it by the commencement of an action or otherwise.

In the instant case the clause used in the bond is: " that the whole of said principal sum shall become due *at the option of the said John H. Leakey, individually and as such committee*, after default in the payment of any installment of principal, or of interest for thirty (30) days."

In the mortgage the wording is: " that the whole of said prinsipal sum shall become due *at the option of the said parties of the second part* after default in the payment of any installment of principal, or of interest for thirty days."

The wording of these clauses is not the wording of the statutory acceleration clause in section 258 of the Real Property Law. The effect of these clauses is that the whole principal shall become due, not after a default, but *at the option of the mortgagee*, after a default. It is very apparent that there is a difference between a clause which states that the whole principal *shall* become due and one which says that it shall become due *at the option of the mortgagee*. In the second case the mortgagee had to do something to make the whole principal due. I do not decide what he had to do. Ordinarily, the commencement of a foreclosure action would be sufficient. The point in question here is that the statutory clause was not

used and, therefore, the decision in the *Albertina* case is inapplicable and not controlling. It follows that the statutory construction of the statutory clause is likewise inapplicable and that this court may construe the clauses before it to ascertain the agreement and intent of the parties from all the surrounding circumstances and the acts of the parties.

In the first place, it is evident that the thirty-day clause in the bond and mortgage is there by error or mistake. The proceedings leading up to the making of the bond and mortgage, including the order of the court, provided for a sixty-day clause. That fact alone would probably be a sufficient ground for a court in an equity action to reform the whole clause to conform with the intent of the parties. However, the allegations of the complaint and amended complaint, verified by the plaintiff, conclusively indicate the construction to be placed upon the clauses in the bond and mortgage. These allegations clearly indicate the understanding of the plaintiff as to the meaning and effect of the clauses.

Paragraph " ninth " of the complaint in part is as follows: " that said defendants have failed to pay the sum of Ten Dollars ($10.00) principal and accrued interest due and payable upon said bond and mortgage February 16, 1933, and the sum of Ten Dollars ($10.00) principal and interest due and payable the 16th day of March, 1933; that more than thirty days have elapsed since the failure upon the part of said defendants to make the payments due on the 16th day of February, 1933, as above set forth."

The ninth paragraph of the amended complaint contains the same language. The plaintiff in his complaint was relying on the lapse of thirty days after the 16th of February, 1933, to form the basis for declaring the whole amount of principal due. He used the plural, " payments," in alleging that thirty days had elapsed, indicating that he considered that thirty days' lapse of time was as necessary in the case of principal as of interest to create a default. The same thing is true of his amended complaint. Had he considered that the grace period did not apply to principal payments, he would have simply alleged a default in the payment of the principal and declared the whole amount due for such default. If the non-payment of the March 16, 1933, installment of principal, before lapse of thirty days, was sufficient on which to predicate an acceleration of the payment of the whole, then an amended complaint was unnecessary.

In *Besas* v. *Slobodoff* (*supra*) the clause used was the statutory clause. The court said: " *Ordinarily this would be construed as giving the mortgagor a leeway of thirty days within which to pay an*

*installment of principal or interest before the balance of the principal should become due.* But the parties have employed the wording of the statutory form of mortgage. * * * In such case the Legislature has taken from the court the function of construction and enacted that these words shall have a statutory meaning which limits the thirty days' provision to the payment of interest."

I think there is no doubt but that, were it not for the statutory construction, the construction which the court would ordinarily give would be to apply the grace period to the principal as well as to the interest. In this case, in construing the clauses both from the standpoint of common sense and of the manifest understanding of the parties, I am constrained to hold that the grace period applies as well to the principal as to the interest. It follows, therefore, that at the time of the commencement of this action there was no default on which to base an election to accelerate, as thirty days had not elapsed from March 16, 1933.

It is unnecessary to go into the question of whether, other considerations aside, the plaintiff, as a matter of equity, should be permitted to maintain this action. It is interesting to note, nevertheless, that in the *Besas* case the court, while holding the plaintiff was legally entitled to maintain the action, at the same time relieved the mortgagor as a matter of equity.

In accordance with what has already been said, the bond and mortgage must be reformed by substituting a sixty-day clause in the place of the present thirty-day clause; the sixty-day clause to be applicable to the principal payments as well as to the interest payments, in accordance with the intention and understanding of the parties.

The complaint and amended complaint are dismissed. The *lis pendens* is to be canceled of record. The mortgagors shall, upon the entering of the judgment herein, pay to the plaintiff all accruals of interest and principal then due. Costs to the defendants Schwing.

Findings may be settled on three days' notice, in accordance herewith.