David Falk, Plaintiff, *v.* Leopold Spingarn and Another, Copartners Doing Business as Leopold Spingarn & Co., Defendants.

City Court of New York, Bronx County, April, 1935.

*Bennett I. Schlessel,* for the plaintiff.

*J. Leon Israel,* for the defendants.

Schackno, J. The defendants are stockbrokers and the plaintiff was their customer. The testimony shows that the defendants bought and carried for the plaintiff upon margin certain stocks, which they held as security for the amount unpaid by him, and which they had advanced for such purchases; on February 3, 1930, such advances amounted to $633.36. Under these circumstances,

the relationship that existed between plaintiff and the defendants was that of pledgor and pledgee. (*Matter of Mercantile Trust Co.*, 210 N. Y. 83; *Drake* v. *Hodgson*, 192 App. Div. 676.) The defendants were not obliged to keep on hand the identical securities purchased for the plaintiff; their duty was to keep on hand and under their control either the securities of the plaintiff, or a like kind and amount of securities, and to have them in such a position that plaintiff, by paying the amount due from him to the defendants, could at any time obtain them; so long as they did this, an action in conversion cannot be maintained against them, unless the plaintiff made a demand and tendered the amount due. These principles are well established. (*Markham* v. *Jaudon*, 41 N. Y. 235; *Baker* v. *Drake*, 66 id. 518, 522; *Gruman* v. *Smith*, 81 id. 25, 28; *Strickland* v. *Magoun*, 119 App. Div. 113; affd., 190 N. Y. 545.)

As the complaint stood when the case proceeded to trial, the conversion is stated as having taken place on *April 9, 1930*, and to have consisted in the defendants' refusal to comply with the demand of the plaintiff to deliver to him twenty-five shares of National Dairy Products, thirty-five shares of Coty and ten shares of General Motors, which he claimed to have owned, and refusing the tender of the amount which plaintiff claimed was due to the defendants thereon. By amendment, allowed at the trial, the conversion is alleged to have taken place on *February 3, 1930*, when the plaintiff claims he tendered a check for $660.88, which was in excess of the balance due on his account, and demanded the delivery of the stock, which was refused. The reason for this amendment is manifest. The testimony of the plaintiff is that he tendered to the defendants his check, which was not certified, drawn on the Bank of the United States, Delancey Street Branch, in the sum of $660.88; the check was not produced on the trial; plaintiff testified that after the bank failed he destroyed it; on *March 31, 1930*, plaintiff's balance in the Delancey Street Branch of the Bank of the United States was *$210.41*, and on *April 9, 1930*, it was negligible, whereas, on *February 3, 1930*, his balance was in excess of the sum of $5,000.

While the formal requisites of a tender may be waived (*Strasbourger* v. *Leerburger*, 233 N. Y. 55; *Mitchell* v. *Vermont Copper Mining Co.*, 67 id. 280; *Mahnk* v. *Blanchard*, 233 App. Div. 555), there must be an existing capacity to perform (*Eddy* v. *Davis*, 116 N. Y. 247; *Leask* v. *Dew*, 102 App. Div. 529; affd., 184 id. 599); in the instant case it is not claimed that the plaintiff made known to the defendants that he did not have on April 9, 1930, sufficient funds in said bank to pay his check; the defendants did not waive this requisite. (*New York Utility Co., Inc.,* v. *Williamsburg Steam*

*Laundry Co., Inc.*, 187 App. Div. 110.) The tender claimed to have been made by the plaintiff on April 9, 1930, was of no effect.

Plaintiff's testimony is to the effect that sometime in July, 1929, the defendants claimed they purchased for his account fifty shares of Eisler Electric stock and that such purchase was not authorized by him. Subsequently, the plaintiff protested to the defendants that he had not purchased or authorized the purchase of said stock for which his account was debited with the cost thereof, amounting to $1,582.50; as the result of such protest, the defendants, on November 6, 1929, eliminated this stock from his account and credited him with the cost thereof, and by their " Ledger Transcript," dated " Nov. 6, 1929," confirmed this; subsequently they forwarded to the plaintiff a statement of his account for each of the months of November and December, 1929, wherein this stock does not appear in his account; thereafter, and by their " Ledger Transcript " dated " Jan. 6, 1930," defendants credited the account of plaintiff with this stock and charged him with the cost thereof. The defendants are bound by their statements of plaintiff's account. The Eisler stock did not appear thereon after he protested that the purchase thereof was unauthorized; plaintiff had the right to treat such statements as true and the defendants are estopped from denying their correctness. (*Cohen* v. *Rothschild*, 182 App. Div. 408; *Matter of Pierson*, 19 id. 478.) I accept the plaintiff's version of the conversation of November 6, 1929, and the agreement then reached that the Eisler stock was to be transferred to the account of E. Leiter and plaintiff's account credited with the cost thereof; the ledger transcript and the statements corroborate him.

Notwithstanding plaintiff's testimony that he made a tender on February 3, 1930, his undated letter to the defendants, received by them on April 4, 1930, belies his testimony; in this letter he " acknowledges receipt of your statement showing my account as of March 31st, 1930, and notice that you still carry on my account 50 (fifty) shares Eisler Electric, which do not belong to me;" I find that the plaintiff did not demand his stock on February 3, 1930, nor did he offer to pay the amount which he owed, his testimony to the contrary notwithstanding. It is significant that plaintiff waited more than four years to enforce his rights; his attempt to avoid the consequences of a market which has fallen drastically since he purchased the stock and place the paper loss upon the defendants, will not receive any aid from the court.

As I am of the opinion that no cause of action was made out, judgment is directed for the defendants.