## (November 29, 1948.)

MARY BART, as Administratrix of the Estate of JOHN BART, Deceased, Respondent, v. CITY OF NEW YORK, Defendant, and GREEN BUS LINES, INC., Appellant.— Action to recover damages for the wrongful death of respondent's intestate, alleged to have resulted from the negligent operation of appellant's bus, in which he was a passenger. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. In our opinion the verdict is contrary to the weight of the credible evidence. Moreover, in a case as close as this, in which respondent's evidence as to appellant's negligence was meagre and conflicting, we are unable to say that the jury's verdict was not influenced by improper attacks by respondent's attorney upon the general credibility of his own witness Bunkin, and by his improper attempts in summing up, despite the trial court's rulings, to have the jury speculate as to the bus driver's knowledge of decedent's intoxicated condition. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

PAULINE BINSTOCK, Respondent, v. CITY OF NEW YORK, Appellant.— Plaintiff sued to recover damages for injuries suffered when one of defendant's trolley cars, on which she was a passenger, was in collision with another of defendant's cars. The jury rendered a verdict in favor of plaintiff but the court, on plaintiff's motion, set it aside as inadequate. From the order granting the motion, defendant appeals. Order unanimously affirmed, with costs. The court has considered the questions of fact and has determined that it would not grant a new trial on those questions. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ.

J. EDWARD COMELLAS et al., Respondents, v. VARICORN CORP., Appellant, et al., Defendants.— Action to foreclose a mortgage on certain real property in Queens County as a consequence of a default in the payment of an installment of principal. Judgment for the plaintiffs unanimously affirmed, with costs. The acceleration clause in the mortgage is not in the statutory form or similar thereto. The parties have agreed upon an expression of intention that limits the period of grace to a default in the payment of interest, and accords no period of grace to a default in the payment of an installment of principal when due. (Graf v. Hope Bldg. Corp., 254 N. Y. 1; Albertina Realty Co. v. Rosbro Realty Corp., 258 N. Y. 472, 475, 477.) Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ.