Howard T. Hogan, J.
This is an action to foreclose a mortgage upon real property. Defendants deny they were in default, and allege as an affirmative defense that they made due and timely payment of the installment of principal and interest in question, which amounted to a total of $77.55.
It appears that on June 4,1956 defendants gave to plaintiff a purchase-money mortgage in the amount of $11,750, which provided for interest and an installment on account of principal in the total sum of $77.55 to be paid on the first day of each month, with an allotted grace period of 15 days. For some time those payments were made within the grace period, but commencing in January, 1957, defendants made them after the 15th day of the month. Plaintiff protested in February against this practice but he continued to accept late payments until July, 1957.
On July 29,1957, he received payment of the July installment in the form of a defendants’ check in the sum of $77.55 which he presented to the bank upon which it was drawn, requesting that *187 it be cashed. The bank informed him that there were insufficient funds in defendants’ account to cover the check. Plaintiff did not immediately inform defendants of this, but presented the check again on the following day, at which time it was once more rejected. On July 31,1957, his attorney notified the defendants by letter that because of their default, and because of their persistance in making prior monthly payments after the expiration of the grace period, plaintiff elected to declare the unpaid balance of the mortgage due in accordance with its-terms. He stated further that if such balance, with interest from July 1, 1957, were not paid within five days, foreclosure proceedings would be instituted. He did not inform them of the fact that the bank had refused to honor their check.
Defendants thereafter learned of the bank’s action, and it was then discovered and admitted by the bank that it had made a bookkeeping error, and that on both July 29 and July 30, there had been funds in defendants’ account, sufficient to cover the check. On August 6, defendants’ attorney in person made a tender of $155.10 in cash at the office of plaintiff’s attorney, this sum representing the July and August installments of principal and interest. It was refused. On August 8, the bank notified plaintiff by letter of its error and stated that payment of the check should have been made upon presentation.
Despite this, plaintiff on August 28, 1957 (according to his statement of readiness) commenced an action to foreclose his mortgage.
While it is conceded that defendants tendered payment on July 29, 14 days after the grace period had expired, it appears as an undisputed fact that payments for the months of March, April, May and June likewise were made after the grace period and accepted by the plaintiff without protest and that upon receipt of a check for the July payment 14 days late, he did not return it to the defendants, but twice attempted to cash it. Thus a course of conduct was established with his acquiescence and by his acceptance and presentation of the last check to the bank which equitably estops him from declaring defendants in default.
The rule of law governing situations of this nature is stated in Nove Holding Corp. v. Schechter (218 App. Div. 479, 487) as follows: “ ‘ As to the power of a court of equity to relieve a mortgagor from a mere technical default in payment, where such default is not willful, there can be no doubt. ’ ” In that action, defendant had mailed a plaintiff a check, in payment of interest and principal on account of a mortgage held by it, on November 1. On November 3, plaintiff notified defendant of its *188 election that the whole principal of the mortgage become due and payable forthwith, because the November payment had not been received. It appeared upon the trial that the check had been lost in the mail. As soon as defendant was notified of his default he sent plaintiff a certified check in the same amount, but this was rejected and returned to him. Holding that the default was wholly unintentional, and was the result of an accident over which the defendant had no control, the court reversed the judgment of the lower court and gave judgment in favor of the defendant conditioned upon payment of all accrued installments of interest and principal.
This plaintiff urges, however, that no matter how innocent the defendants were, their check was not received until 14 days after the grace period had expired, which lateness in itself constituted a breach sufficient to warrant an acceleration of the balance of the principal. However, plaintiff had accepted late payment for the prior six months and had thereby waived the acceleration clause (De Witt v. Patterson, 282 App. Div. 827).
Further, the act of twice presenting the check to the bank for payment is inconsistent with such a position.
Upon all the evidence I find that defendants’ default was neither willful nor in bad faith, but solely due to an error of the Franklin National Bank, that the plaintiff suffered no loss of any consequence by reason of such default, and that it would be inequitable to grant the relief which he seeks. I further -find that his conduct in failing to notify defendants promptly of the bank’s refusal to honor their check, and in instituting foreclosure proceedings 20 days afer the acknowledgment by the bank of its mistake, and 22 days after he had been tendered the July and August payments in cash was so unconscionable and oppressive as to warrant a court of equity in refusing to extend affirmative aid to him (Wedab Corp. v. Weinger, 283 App. Div. 877). Accordingly, the complaint is dismissed upon condition that defendants pay to plaintiff, within 10 days after the entry of judgment herein, all accrued arrears of principal and interest, with interest thereon up to the time of such payment 100 Eighth Ave. Corp. v. Morgenstern, 4 A D 2d 754). I do not find plaintiff entitled to his costs to date by reason of the fact that the default was in no way due to defendants ’ inadvertence and the further fact that the action was commenced after plaintiff had knowledge of all the extenuating circumstances.
The foregoing are the facts found by the court and constitute its decision as required by section 440 of the Civil Practice Act.