**LOVE EQUIPMENT RENTALS, INC., an Arizona corporation, Appellant,**

v.

**Harden W. BREINHOLT; Mark D. Eggertsen; Rein W. Irwin; Donald Nabity; and Paul R. Spencer, Appellees.**

No. 272–69.

United States Court of Appeals
Tenth Circuit.

Oct. 7, 1969.

Rehearing Denied Oct. 22, 1969.

Thomas C. Singer, Denver, Colo. (L. J. Cox, Phoenix, Ariz. on the brief), for appellant.

Richard D. Dittemore, Littleton, Colo., for appellees.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Love Equipment Rentals, Inc., sued the five appellees and three others on a promissory note. Judgment was asked for the unpaid balance of $56,632.06 plus interest and attorneys' fees. The appellees stipulated with the appellant for a settlement of the claims against them. The stipulation, which was approved by the court, provided for the payment to appellant by appellees of $40,856.77 plus not more than than $500 in attorneys' fees. One-half was to be paid in 90 days and the remainder 60

days thereafter. It was agreed that if the payments were not made in time, "the Court may enter judgment against the signatory Defendants for the full amount of the Note sued upon" plus interest, costs, and attorneys' fees.

The payments were made and accepted except that on the final payment a check of appellee Spencer in the amount of $4,135.68 was returned by the bank on which it was drawn with the notation of insufficient funds. The return of the check was an admitted mistake of the bank. The bank promptly acknowledged the mistake and wrote representatives of appellant that upon resubmission the check would be honored.

The appellant refused to resubmit the check and moved for judgment against the appellees in the full amount sued on less the payments made. It claimed that it was entitled to such judgment because the stipulation had been breached by failure to make timely payment. The amount claimed was $19,410.94, unpaid balance, plus $13,624.19 in interest and an unascertained amount for attorneys' fees. Spencer paid into the registry of the court the amount of the returned check.

The district court characterized the appellant's motion for judgment as "outrageous" and said that it would be "highly unconscionable" to grant the relief sought. We agree. The fact that the full amount was not paid in time was the fault of the bank and no one else. Neither Spencer nor the four other appellees should be made to suffer for the mistake of the bank. The avarice of the appellant does not deserve judicial aid. See Scelza v. Ryba, 10 Misc.2d 186, 169 N.Y.S.2d 462.

In its order denying the motion and directing satisfaction of judgment as to appellees the court required "that the plaintiff assign all remaining rights it may have in the promissory note sued upon herein" to the five appellees. In oral argument the attorney for the appellees conceded that this order did not conform with the stipulation.

The stipulation provided that the plaintiff reserved the right to proceed against the defendant William Dokos for his pro rata share of the settlement and assigned "subrogation rights to the collection of the Dokos share to the paying Defendants upon their payment of the settlement amount." Thus plaintiff inferentially reserved its rights against the other two defendants not parties to the stipulation. The order must be corrected to conform with the stipulation and the case is remanded for that purpose. Each party shall bear his own costs.