Bertram Harnett, J.
This motion by plaintiff for summary judgment in a mortgage foreclosure action is granted. The affidavits submitted in opposition to the motion demonstrate no material and triable issues of fact. (Di Sabato v. Soffes, 9 A D 2d 297; Kramer v. Harris, 9 A D 2d 282.)
*838 Defendant Elizabeth D. Barnes’ mortgage account had been in arrears on several occasions prior to 1970, each of which times the arrearage was eventually satisfied. Beginning July,-1970, the account was again in arrears, and the arrearage continued and increased until November 12,1970 when Miss Barnes forwarded her check to plaintiff in the amount of $663.32. The check was dishonored by the bank on which it was drawn and returned to plaintiff marked ‘ ‘ insufficient funds ’ ’. When notified of this, Mists Barnes advised the mortgagee bank that she would replace the check with another check for the full arrears and the November installment, plus late charges. She was advised that the check would have to be received by that bank no later than December 21,1970. These facts are not in dispute.
Miss Barnes contends that she forwarded a check in the sum of $850 on December 18, 1970. She claims that the check was presumably lost in the mail, because it was never received by the mortgagee bank. In support of this claim, she annexes to her affidavit a photostatic copy of her check stubs to show the sequence in which the checks, were written. However, those stubs reveal that the check prior to the alleged December 18,1970 arrearage check was dated December 19,1970, and the following check is dated December 26, 1970. Moreover, at the time the $850 check was allegedly written, the balance in the account was only $87.50.
Assuming that the December 18,1970 check was indeed mailed, that act failed to constitute a sufficient tender to prevent foreclosure. ( See Albertina Realty Co. v. Rosbro Realty Corp., 258 N. Y. 472, 475; Harry Kresner, Inc. v. Fuchs, 238 App. Div. 844.) “ A tender imports * * * readiness and ability to perform” (Eddy v. Davis, 116 N. Y. 247, 251). Delivery of a check in purported payment of an obligation is not a valid tender if .there, are insufficient funds on deposit in the account on which the check is drawn. (Falk v. Springarn, 155 Misc. 355, 356, See, also, Strasbourger v. Leerburger, 233 N. Y. 55, 60.) There has been no showing of a tender sufficient to bar a declaration of default by the mortgagee.
On December 22, 1970, the mortgagee bank declared the mortgage in default, exercised its option to accelerate the indebtedness, and advised Miss Barnes by certified mail. A signed receipt for that letter, dated December 28, 1970, is annexed to the moving papers and Miss Barnes does not deny receipt of .the letter.
On February 9,1971, Miss Barnes sent a certified check for the full arrears to the bank, but that check was rejected by the bank *839 on February 10, 1971, on which date service of the summons in this action was made upon Miss Barnes. All other defendants had been previously served.
The proffer of the arrears after the declaration of default and acceleration by the bank was untimely and does not affect the validity of the bank’s acts. (446 West 44th St. v. Riverland Holding Corp., 267 App. Div. 135; Tymon v. Wolitzer, 39 Misc 2d 504, 511.) The mortgage payments were not timely made, and .the bank properly declared the mortgage in default. Accordingly, summary judgment will be granted in favor of plaintiff.
However, the court takes cognizance of the efforts made by Elizabeth Barnes to preserve her ownership of these premises, where she and her aged mother reside. Under the circumstances, justice would not be served by permitting a foreclosure sale of these premises and exposing these defendants to loss of their home. Defendant Helen Barnes is 78 years old and does not enjoy the best of health. Moreover, defendants have shown intention to make the mortgage account current, and to eure their default. This is a proper case for the exercise of the court’s discretion, in the interest of justice, as provided in CPLB 5240 to stay, modify or limit any enforcement remedy.
The court will therefore grant summary judgment of foreclosure to the plaintiff, but will stay the enforcement of that judgment provided that defendants Barnes pay the full arrearage due on the mortgage account within 20 days after entry of judgment, and that they do not permit the account to be more than one month in arrears at any time in the future. In the event defendants fail to meet those conditions, plaintiff may proceed to the appointment of a referee to compute the amount due under the mortgage and to the sale of the mortgaged premises. In the event defendants meet the stated conditions and eventually make full payment of the amount due on the mortgage, the judgment shall be vacated, and the judgment and mortgage shall thereby cease to be a lien against the premises.
Plaintiff’s request to amend the caption to delete the “ John Doe ’ ’ defendants is granted.