■ Eva Karas et al., Appellants, v Joseph Wasserman et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Isseks, J.), entered June 2, 1982 in Sullivan County, which, *inter alia,* denied plaintiffs' motion for summary judgment. The instant action was for foreclosure of a $125,000 purchase-money mortgage given in 1976, which provided for acceleration of the entire principal balance upon various kinds of defaults, of which only the following are relevant here: (1) the mortgagors' failure to furnish to the mortgagees, within 10 days of a request by mail, a written statement of the amount due on the mortgage and of any offsets or defenses against that amount (i.e., an "estoppel certificate"); (2) the mortgagors' failure to provide the mortgagees receipts showing payment of all taxes, insurance premiums, sewer rents and assessments within 30 days after they fall due; and (3) the mortgagors' failure to make prompt payments of the required installments of principal and interest. After issue was joined, plaintiffs moved for summary judgment, asserting that no triable issue of fact existed concerning the foregoing defaults by defendant mortgagors. Defendants countered by submitting affidavits in which they set forth evidentiary facts tending to establish that rather than being in default in their payments of interest and principal, they had actually overpaid by more than $500. Defendants admitted the existence of the other defaults. However, as to the default in furnishing receipts for payment of taxes, insurance premiums, etc., they further averred that all such payments had been made, that they had never furnished such receipts to plaintiffs during the previous five years' existence of the mortgage, and that they were entitled to rely upon the absence of any complaints therefor by plaintiffs in the past. As to the failure to respond to plaintiffs' demand for an estoppel certificate, defendants responded that they received the demand during the busy summer season of their operation of the bungalow colony on the mortgaged premises and that it was overlooked, possibly under the mistaken impression that it was merely a notice of a current mortgage payment installment which they had already made. Defendants further averred that they had scrupulously made all of the payments required under the mortgage and that they had also incurred substantial expense in making improvements to the property. Plaintiffs mistakenly rely here on the continued vitality of the majority holding in *Graf v Hope Bldg. Corp.* (254 NY 1) to the effect that acceleration clauses in mortgages will be strictly enforced irrespective of the circumstances and nature of the default. Rather, it seems clear that the evolving subsequent case law has largely adopted the reasoning of Chief Judge Cardozo's dissenting position in *Graf* (254 NY 1, 8-15, *supra*) that the equitable remedy of foreclosure may be denied in the case of an inadvertent, inconsequential default in order to prevent unconscionably overreaching conduct by a mortgagee (see *Blomgren v Tinton 763 Corp.*, 18 AD2d 979; *100 Eighth Ave. Corp. v Morgenstern*, 4 AD2d 754; *More Realty Corp. v Mootchnick*, 232 App Div 705; *Scelza v Ryba*, 10 Misc 2d 186; *Domus Realty Corp. v 3440 Realty Co.*, 179 Misc 749, affd 266 App Div 725). Indeed, the *Graf* dissent has recently been cited as authority for that proposition by the Court of Appeals in connection with a rent acceleration clause in a lease (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 577, 578-579) and in other similar contexts (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 398-400). The above-discussed averments in defendants' opposing affidavits concerning the defaults both in providing receipts

for the payments actually made of taxes, insurance premiums, etc., and in complying with plaintiffs' demand for an estoppel certificate, if established on a trial, could afford a basis for denying foreclosure under the principles of the *Graf* dissent and the decisions that followed it. In addition, if it were established, as stated in defendants' affidavits, that plaintiffs, prior to the default in providing the receipts, never complained of the previous pattern of such failure, a finding that plaintiffs should be estopped from foreclosing on the basis of such default would also be warranted (*More Realty Corp. v Mootchnick,* 232 App Div 705, *supra*). Since defendants thus raised triable issues of fact concerning possible equitable defenses to the foreclosure action based upon the foregoing defaults, and also raised triable issues concerning any nonpayment of installments of mortgage principal and interest, Special Term properly denied plaintiffs' motion for summary judgment. Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.