■ MYRNA D. COHN et al., Respondents, v MIDDLE ROAD RIVERHEAD DEVELOPMENT CORP., Appellant, et al., Defendants. —In an action to foreclose a mortgage, the defendant Middle Road Riverhead Development Corporation appeals from (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated November 2, 1988, which granted the plaintiffs' motion for summary judgment and denied its cross motion to dismiss the complaint and (2) a judgment of foreclosure and sale of the same court, dated April 27, 1989.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The uncontroverted facts established that the appellant mortgagor defaulted on its first annual payment of the principal sum of $50,000 due and payable on December 31, 1987, pursuant to a mortgage and mortgage note entered into by the plaintiff mortgagees and the mortgagor. The mortgage contained an acceleration clause entitling the plaintiff mortgagees to principal and interest due and payable immediately upon the default.

Contrary to the mortgagor's assertions, it cannot be said that the mortgagees' conduct was unconscionable, when by letter dated January 26, 1988, the mortgagees informed the mortgagor that it was in default in payment and that unless it cured that default by February 3, 1988, the acceleration clause would be exercised. Additionally, the mortgagor received a subsequent letter dated February 23, 1988, informing it that the acceleration clause had been exercised and that the entire amount of the unpaid principal was due by virtue of the default in payment. In the same letter the mortgagor was informed that foreclosure proceedings would be instituted.

Moreover, the mortgagor may not avail himself of the defense of a good faith mistake, upon advice of counsel, that it erroneously believed that payment of the annual principal amount could be withheld until such time that the mortgagee provided it with a copy of a certificate of reduction pursuant to Real Property Law § 274-a. Such a mistake would hardly be considered trival or inconsequential and was not properly cured. Therefore, equitable intervention by the court is not warranted to relieve the default (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175; Karas v Wasserman, 91 AD2d 812; Key Intl. Mfg. v Stillman, 103 AD2d 475, mod on other grounds 66 NY2d 924).

We have examined the mortgagor's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.