U.S. Bank Trust, N.A. v Rudick (2019 NY Slip Op 04218)





U.S. Bank Trust, N.A. v Rudick


2019 NY Slip Op 04218


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-11116
 (Index No. 604853/15)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
v
Samuel Rudick, respondent, et al., defendants.


Day Pitney LLP, New York, NY (Christina A. Parlapiano, Robert N. Pollock, and Gross Polowy, LLC, of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Justin Pane of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 4, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Samuel Rudick which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as barred by the applicable statute of limitations.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Samuel Rudick which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as barred by the applicable statute of limitations is denied.
The plaintiff is the current holder of a note in the amount of $2,470,033 dated September 29, 2006, executed in favor of JP Morgan Chase Bank, N.A. (hereinafter Chase), by the defendant Samuel Rudick (hereinafter the defendant). The note was consolidated with numerous prior notes through a consolidation, extension, and modification agreement and secured by a mortgage dated September 29, 2006, on property in Westhampton.
After the defendant allegedly defaulted on the mortgage, Chase commenced a foreclosure action on June 12, 2008 (hereinafter the prior action). While the prior action was still pending, Chase and the defendant entered into a forbearance agreement on October 9, 2009, whereby Chase agreed, inter alia, to refrain from exercising its right to seek payment in full of all sums owed under the loan documents, and the defendant agreed, among other things, to repay all past due amounts pursuant to a new monthly repayment schedule. The defendant thereafter allegedly ceased to make payments under the forbearance agreement and, ultimately, the prior action was voluntarily discontinued by Chase for reasons that do not appear in the record.
This action was commenced in May 2015 by the plaintiff, as Chase's successor in interest, and the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as barred by the six-year statute of limitations (see CPLR 213[4]). The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
While the commencement of the prior action in June 2008 constituted an election by Chase to accelerate the mortgage, thereby triggering the running of the statute of limitations on the entire debt (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Milone v US Bank N.A., 164 AD3d 145, 152; Freedom Mort. Corp. v Engel, 163 AD3d 631, 632), the subsequent forbearance agreement—a copy of which was submitted by the plaintiff in opposition to the defendant's motion—evinced a clear intent by Chase, with the defendant's knowledge and consent, to revoke its prior election and reinstate the defendant's right to repay the underlying debt in monthly installments, subject to the new terms and conditions set forth in the forbearance agreement (see Milone v US Bank N.A., 164 AD3d at 154; Golden v Ramapo Improvement Corp., 78 AD2d 648, 650). Thus, contrary to the defendant's contention, the earliest the six-year statute of limitations could have begun to run on the entire debt is the date on which the defendant defaulted under the terms of the forbearance agreement—a date which could not have been more than six years before this action was commenced.
Accordingly, we disagree with the Supreme Court's determination granting that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him as barred by the applicable statute of limitations.
In light of our determination, we need not reach the plaintiff's remaining contentions.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court