Kirschenbaum v Wells Fargo Bank, N.A. (2021 NY Slip Op 02073)





Kirschenbaum v Wells Fargo Bank, N.A.


2021 NY Slip Op 02073


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Renwick, J.P., Gische, Mazzarelli, Moulton, JJ. 


Index No. 151236/19 Appeal No. 11794-11794A & [M-1230] Case No. 2020-01563, 2020-01564 

[*1]Joshua Kirschenbaum, Plaintiff-Respondent, 
v
Wells Fargo Bank, N.A., etc., Defendant-Appellant.


Blank Rome LLP, New York (Timothy W. Salter of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 10, 2019, which granted plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the cross motion granted. Order, same court and Justice, entered November 6, 2019, which cancelled and discharged the subject mortgage, unanimously reversed, on the law, with costs, and the subject mortgage reinstated. The Clerk is directed to enter judgment accordingly.
Plaintiff Joshua Kirschenbaum is the owner of a condominium located in Manhattan. Defendant Wells Fargo Bank, N.A. is the current holder of the mortgage encumbering the property. This appeal addresses whether the mortgage should be discharged due to the expiration of the statute of limitations to enforce it. Specifically, plaintiff commenced a quiet title action under RPAPL 1501(a)(4) to discharge the Wells Fargo mortgage, contending the statute of limitations for any claim to foreclose on the mortgage had expired. Plaintiff argued that a November 2, 2012 letter sent by the bank's agent had accelerated the debt and that the limitations period had expired before commencement of the quiet title action.
This case in controlled by the recent Court of Appeals pronouncement in Freedom Mtge. Corp. v Engel (__NY3d __, 2021 NY Slip Op. 01090 [Feb. 18, 2021]), which decided four consolidated appeals: Freedom tge. Corp. v Engel; Ditech Fin., LLC v Naidu Wells Bank, N.A. v. Ferrato; and Vargas v Deutsche Bank Natl. Trust Co . The appealed case directly on point with the dispositive issue here is Vargas v Deutsche Bank , in which the Court of Appeals set a clear standard for determining whether a default letter constitutes a "clear and unequivocal acceleration of a debt." Applying the long-standing rule derived from Albertina Realty Co. v. Rosbro Realty Corp ., 258 NY 472 (1932),"that a noteholder must effect an 'unequivocal overt act' to accomplish such a substantial change in the parties' contractual relationship," the Court, in Vargas, held that to constitute a "clear and unequivocal" acceleration of a debt, a default letter must demand from a noteholder an immediate repayment of the entire outstanding loan, and must not also refer to acceleration only as a future event, indicating the debt was not accelerated at the time the letter was written.
Applying the aforementioned Vargas standard, we reject plaintiff's contention that the November 2, 2010 default letter accelerated the debt. The default letter notified plaintiff that the subject mortgage loan was in default as of September 1, 2010. The letter gave plaintiff 30 days to cure the default by payment of the amount due and owing, which was just over $9,000. It also stated: "Unless we receive full payment of all past-due amounts, we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure [*2]proceedings." Thus, as in Varga s, the default letter did not effectuate an unequivocal acceleration of the debt because it did not seek an immediate repayment of the entire balance outstanding on the loan, but rather "referred to acceleration only as a future event, indicating the debt was not accelerated at the time the letter was written." M-1230 - Kirschenbaum v Wells Fargo Bank, N.A .,
Motion for a preliminary injunction barring plaintiff from selling or mortgaging the property, granted to the extent of staying the order to the extent that it cancelled and discharged the subject mortgage.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021