■ CITY STREETS REALTY CORP., Appellant, v JAN JAY CONSTRUCTION ENTERPRISES CORP., Respondent. — Order of the Supreme Court, New York County (Klein, J.), entered October 20, 1981, which dismissed the complaint in the foreclosure action, canceled the notice of pendency filed on February 27, 1981, and denied plaintiff's cross motion for an appointment of a receiver, is unanimously modified, on the law, without costs, to the extent of denying the motion to dismiss the complaint and otherwise affirmed. Plaintiff-appellant, who holds a second "wraparound" mortgage on premises at 38 Lexington Avenue in New York County, seeks to foreclose as the result of a late payment. The mortgage contains an acceleration clause whereby the mortgagee may choose, without notice, to declare the entire mortgage, both principal and interest, due upon default in the payment of principal or interest after the grace period. At issue is Paragraph No. 21 of the mortgage which states that: "In the event that any installment of principal or interest any deposit required to be made pursuant to this mortgage is not paid on the date same is due without regard to any grace period, a late charge of 6 for each dollar ($1.) so overdue shall become immediately due to the mortgagee as liquidated damages for failure to make prompt payment and the same shall be secured by this mortgage. Said charge shall be payable in any event no later than the due date of the next subsequent installment or at the option of mortgagee may be deducted from any deposits held by it under this mortgage." Special Term held that although the payment in question was beyond the 10-day grace period provided for in the agreement, it was made prior to the due date for the next installment and, therefore, an acceleration of all future payments was not warranted. However, the above provision applies only to late charges and not

to the payment of the principal and interest installments. Thus, the court below was in error in interpreting the mortgage to mean that all payments, including the late charges, may be made before the next installment is due. Further, the option to accelerate the mortgage was exercised on February 27, 1981, which was prior to tender of the late payment by defendant. While the actual service of the summons and complaint did not occur until March 3, 1981, the mere filing of a summons and complaint with notice of pendency is sufficient indication of the intent to accelerate the mortgage. (*Albertina Realty Co. v Rosbro Realty Corp.*, 258 NY 472.) Since defendant may have a meritorious defense regarding the contention that plaintiff purposely avoided or refused to return its telephone calls when defendant allegedly attempted to arrange for payment in order to cure the default, thereby rendering a trial appropriate, plaintiff's cross motion for appointment of a receiver was correctly denied. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.