■ FANNIE MAE, Respondent, v 133 MANAGEMENT, LLC, et al., Appellants, et al., Defendants. [2 NYS3d 361]—

In an action to foreclose a mortgage, the defendants 133 Management, LLC, and Yuda J. Furth appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated December 21, 2012, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them, and to strike their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendants 133 Management, LLC, and Yuda J. Furth (hereinafter together the Management defendants), the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them and to strike their answer. The plaintiff established, prima facie, that, as set forth in the provisions of the mortgage, it was not required to give the Management defendants notice of their default or the plaintiff's intent to accelerate the debt (see Charter One Bank, FSB v Leone, 45 AD3d 958 [2007]; Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659 [1995]). Moreover, the plaintiff's commencement of the action and filing of a notice of pendency constituted a valid election to accelerate the maturity of the debt (see Charter One Bank, FSB v Leone, 45 AD3d at 958). In opposition, the Management defendants failed to raise a triable issue of fact.

The Management defendants' remaining contentions are either academic or without merit. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.