■ Beneficial Homeowner Service Corp., Appellant, v Theresa A. Tovar, Also Known as Theresa Tovar, Respondent, et al., Defendants. [55 NYS3d 59]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Behar, J.), dated December 22, 2014, as granted that branch of the motion of the defendant Theresa A. Tovar, also known as Theresa Tovar, which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as time-barred and to vacate the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this mortgage foreclosure action in February 2014. The defendant Theresa A. Tovar, also known as Theresa Tovar (hereinafter the defendant homeowner), moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her on the ground that the six-year statute of limitations had run. In support of the motion, she submitted, inter alia, the complaint in a foreclosure action commenced by the plaintiff in October 2007 (hereinafter the 2007 foreclosure action) to foreclose upon the same mortgage, in which the plaintiff elected to call due the entire

amount secured by the mortgage. The defendant homeowner also submitted proof that the 2007 foreclosure action was dismissed as against her in 2010 for failure to effect personal service. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendant homeowner's motion which were to dismiss the complaint insofar as asserted against her as time-barred pursuant to CPLR 3211 (a) (5) and 213 (4) and to vacate the notice of pendency. The plaintiff appeals.

"[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (*EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]; *see Plaia v Safonte*, 45 AD3d 747, 748 [2007]; *Koeppel v Carlandia Corp.*, 21 AD3d 884 [2005]; *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 894 [1994]). The filing of the summons and complaint and notice of pendency in the 2007 action constituted a valid election to accelerate the maturity of the debt (*see Albertina Realty Co. v Rosbro Realty Corp.*, 258 NY 472, 476 [1932]; *Fannie Mae v 133 Mgt., LLC*, 126 AD3d 670 [2015]; *EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]; *Arbisser v Gelbelman*, 286 AD2d 693, 694 [2001]).

Contrary to the plaintiff's contention, the fact that the 2007 action was dismissed as against the defendant homeowner for failure to effectuate personal service does not invalidate the plaintiff's election to exercise its right to accelerate the maturity of debt. "The fact of election should not be confused with the notice or manifestation of such election" (*Albertina Realty Co. v Rosbro Realty Corp.*, 258 NY at 476). Nothing in the parties' agreement provides that the plaintiff's election is not valid until the defendant homeowner receives notice thereof. Consequently, the failure to properly serve the summons and complaint upon the defendant homeowner did not as a matter of law destroy the effect of the sworn statement that the plaintiff had elected to accelerate the maturity of the debt (*see id.*; *Fannie Mae v 133 Mgt., LLC*, 126 AD3d 670 [2015]; *City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp.*, 88 AD2d 558 [1982]; *cf. EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *Arbisser v Gelbelman*, 286 AD2d at 694; *Hirsch v Badler*, 3 AD2d 921 [1957]).

The plaintiff's reliance on *Wells Fargo Bank, N.A. v Burke* (94 AD3d 980 [2012]), is misplaced inasmuch as in that case, the plaintiff in the prior foreclosure action had not been assigned the note or mortgage at the time the action was com-

menced and therefore was without authority to exercise the acceleration option in the agreement. Here, there is no dispute that the plaintiff was authorized to accelerate the debt when it filed the summons and complaint in 2007.

The plaintiff's contention that it revoked its election to accelerate the mortgage debt in 2012 by voluntarily discontinuing the action is improperly raised for the first time on appeal (*see Costikyan v Keeffe*, 54 AD2d 573 [1976]). Contrary to the plaintiff's contention, this issue does not involve a question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court (*see Vargas v Crown Container Co., Inc.*, 114 AD3d 762, 764-765 [2014]; *cf. Persky v Bank of Am. N.A.*, 261 NY 212, 218 [1933]). Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.