Federal Natl. Mtge. Assn. v Schmitt (2019 NY Slip Op 04140)





Federal Natl. Mtge. Assn. v Schmitt


2019 NY Slip Op 04140


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-03366
 (Index No. 135724/17)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Elizabeth Schmitt, appellant, et al., defendants.


Nicholas M. Moccia, P.C., Staten Island, NY (Richard A. Rosenzweig of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elizabeth Schmitt appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 13, 2018. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that the action was time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Elizabeth Schmitt pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her is granted.
In October 2006, Elizabeth Schmitt (hereinafter the defendant) borrowed the sum of $408,000 from MortgageIT, Inc. (hereinafter MortgageIT), which was memorialized by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for MortgageIT. The defendant allegedly defaulted on the loan in June 2009. The mortgage was subsequently assigned to OneWest Bank, FSB (hereinafter OneWest Bank), on December 29, 2009, and thereafter assigned to the plaintiff on December 10, 2015.
On January 12, 2010, OneWest Bank FSB commenced an action to foreclose the mortgage against the defendant, asserting that it was the lawful owner of the note and mortgage, and annexing a document to the complaint which it asserted was the note. The defendant answered the complaint, alleging that she did not receive the notice required by RPAPL 1303. On May 8, 2015, the Supreme Court granted OneWest Bank's "application to discontinue the action without prejudice, due to inability to verify compliance with pre-acceleration notice."
On November 29, 2017, the plaintiff commenced this action to foreclose the mortgage. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that the action was time-barred. The Supreme Court denied the defendant's motion, and the defendant appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, [*2]prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see U.S. Bank N.A. v Martin, 144 AD3d 891, 892). If the defendant makes such a showing, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise a question of fact as to whether the action was timely (see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 670 [internal quotation marks omitted]).
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628; see US Bank Trust, N.A. v Williams, 168 AD3d 1122; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Halfon v U.S. Bank, N.A., 169 AD3d 653; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Milone v US Bank N.A., 164 AD3d 145, 151; see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt on January 12, 2010, when the plaintiff's predecessor in interest, OneWest Bank, accelerated the mortgage by commencing the prior foreclosure action (see Bank of N.Y. Mellon v Craig, 169 AD3d at 628; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633). Since the plaintiff did not commence the instant action until November 29, 2017, the defendant met her prima facie burden on her motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her (see Bank of N.Y. Mellon v Craig, 169 AD3d at 628; Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
In opposition, the plaintiff failed to raise a question of fact as to whether OneWest Bank had authority to commence the 2010 action. There is no evidence in this record that OneWest Bank lacked standing to commence the 2010 action. Its discontinuance of the action because it could not verify compliance with certain notice requirements did not constitute a revocation of its decision to accelerate the mortgage within the six-year limitations period (see Milone v US Bank N.A., 164 AD3d at 151; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court