HSBC Bank, N.A. v Vaswani (2019 NY Slip Op 05393)





HSBC Bank, N.A. v Vaswani


2019 NY Slip Op 05393


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-08317
 (Index No. 9492/15)

[*1]HSBC Bank, N.A., respondent, 
v
Danny Vaswani, et al., appellants, et al., defendants.


R. David Marquez, P.C., Mineola, NY (Michael B. Wolk of counsel), for appellants.
Knuckles Komosinski & Manfro, LLP, Elmsford, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Danny Vaswani and Jethmal Vaswani appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 10, 2016. The order, insofar as appealed from, denied that branch of their motion which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the action insofar as asserted against them as barred by the statute of limitations.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Danny Vaswani and Jethmal Vaswani which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the action insofar as asserted against them is granted.
In April 2009, the plaintiff commenced an action (hereinafter the prior action) against the defendants Danny Vaswani and Jethmal Vaswani (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain property in North Hempstead. By order dated August 9, 2013, the prior action was discontinued without prejudice to the parties.
On or about October 29, 2015, the plaintiff commenced this action to foreclose the mortgage. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5), in effect, to dismiss the action insofar as asserted against them as barred by the statute of limitations. The plaintiff opposed the motion, arguing that it affirmatively revoked its election to accelerate the mortgage debt by voluntarily discontinuing the prior action. By order entered June 10, 2016, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration occurs, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670; Clayton Natl. v Guldi, 307 AD2d 982, 982). "A lender may revoke its election to accelerate the mortgage, but it must do [*2]so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Fed. Natl. Mtge. Assn. v Schmitt, ____ AD3d ____, 2019 NY Slip Op 04140 [2d Dept 2019]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 606).
Here, the defendants established, prima facie, that the action was untimely insofar as asserted against them (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; U.S. Bank N.A. v Martin, 144 AD3d 891, 892). The filing of the summons and complaint in the prior action on April 29, 2009, constituted a valid election by the plaintiff to accelerate the mortgage debt (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935). Thus, the six-year limitations period had expired when the plaintiff commenced this action on October 29, 2015.
The plaintiff failed to raise any question of fact as to the statute of limitations period (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1031; 21st Mtge. Corp. v Osorio, 167 AD3d 823). The plaintiff's contention that it affirmatively revoked its election to accelerate the debt by voluntarily discontinuing the prior action, without more, is without merit (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633). The plaintiff's remaining contention is also without merit. Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the action insofar as asserted against them should have been granted.
In view of our determination, we need not reach the defendants' remaining contention.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court