Specialized Loan Servicing Inc. v Nimec (2020 NY Slip Op 02688)





Specialized Loan Servicing Inc. v Nimec


2020 NY Slip Op 02688


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

527667

[*1]Specialized Loan Servicing Inc., as Successor in Interest to Nationstar Mortgage LLC, Appellant,
v
Joseph P. Nimec, Respondent, et al., Defendants.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


McCabe, Weisberg & Conway, LLC, Melville (Kenneth Britt of counsel), for appellant.
Legal Assistance of Western New York, Inc., Elmira (Keith McCafferty of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (O'Shea, J.), entered October 15, 2018 in Chemung County, which, among other things, granted defendant Joseph P. Nimec's motion for summary judgment dismissing the complaint.
In November 1993, defendant Joseph P. Nimec (hereinafter defendant) executed a note in favor of HSBC Mortgage Corporation (USA) formerly known as Marine Midland Mortgage Corporation (hereinafter HSBC). The note was secured by defendant's residence located in Chemung County. After defendant failed to remit his monthly mortgage payment, HSBC commenced a foreclosure action on February 1, 2008 (hereinafter the first 2008 action). HSBC attempted to discontinue the first 2008 action by forwarding a stipulation of discontinuance to defendant. Prior to receiving an executed stipulation from defendant, HSBC commenced a second action on August 14, 2008 (hereinafter the second 2008 action). HSBC thereafter moved to discontinue the first 2008 action, and defendant cross-moved to dismiss the second 2008 action due to a pleading error. In January 2009, Supreme Court granted plaintiff's motion to discontinue the first 2008 action and granted defendant's cross motion to dismiss the second 2008 action. A third action was commenced by HSBC in March 2009 (hereinafter 2009 action). Defendant failed to answer, and HSBC was granted an order of reference in October 2009 and a judgment of foreclosure in December 2009. In 2015, HSBC moved to vacate the order of reference and the judgment of foreclosure — along with seeking a new order of reference — due to its failure to comply with Administrative Order 548/10. Defendant opposed the motion and cross-moved to dismiss the 2009 action alleging that HSBC failed to send the demand letter and notice of default to the Chemung County property address. The court vacated the judgment of foreclosure, denied HSBC's request for a new order of reference and granted defendant's cross motion and dismissed the 2009 action.
In early 2017, HSBC assigned the mortgage to Nationstar Mortgage LLC. On July 25, 2017, Nationstar commenced a fourth foreclosure action (hereinafter the instant action). Defendant answered, raising, as relevant here, the affirmative defenses of statute of limitations and lack of personal jurisdiction due to improper service. In May 2018, defendant moved for summary judgment on those grounds. Supreme Court granted defendant's motion dismissing the instant action as time-barred, finding that the statute of limitations began to run with the filing of the first 2008 action since HSBC had accelerated the mortgage and did not take any affirmative acts to revoke the acceleration. The court further found that the savings provision of CPLR 205 (a) did not apply. Plaintiff [FN1] appeals.
"The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or the commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [2019] [internal quotation marks and citations omitted]). The fifth paragraph of the complaint in the first 2008 action states that "plaintiff elects to call due the entire amount secured by the mortgage." Once the debt has been accelerated, the lender's election can be revoked only through an affirmative act occurring within the statute of limitations period (see Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]). Discontinuing a prior foreclosure action, without more, is insufficient to constitute an affirmative act to revoke a lender's election to accelerate (see Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464, 464-465 [2019]; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507 [2018]). Moreover, a dismissal by the court cannot be said to constitute an affirmative act by the lender to revoke its election to accelerate (see Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [1994]). The record is devoid of any affirmative act by plaintiff (or its predecessor in interest) to revoke the election to accelerate the debt. Therefore, the statute of limitations began to run on February 1, 2008, when the first 2008 action was commenced, and expired on February 1, 2014, well before the instant action was commenced in 2017.
Plaintiff fails to address the statute of limitations period beginning to run with the first 2008 action. Instead, it focuses on the 2009 action contending that, since this action was dismissed for failure to comply with the notice requirements, which are a condition precedent to the proper commencement of an action, the action could not accelerate the debt and the statute of limitations could not begin to run. This argument is of no consequence because, as noted, the statute of limitations began to run in 2008. In any event, the argument is unavailing (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658 [2017]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987 [2016], lv denied 29 NY3d 919 [2017]).
Next, plaintiff argues that the instant action was timely commenced based upon the savings provision set forth in CPLR 205 (a), which permits a plaintiff to bring a new action on the same transaction within six months of termination of a prior action, where the action "is terminated in any manner other than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits." The 2009 action was dismissed by Supreme Court in September 2015. Plaintiff alleges that the six-month period does not begin to run until all appeals are exhausted and, therefore, its time to appeal has not begun to run since defendant did not serve it with the notice of entry.[FN2] We disagree. For CPLR 205 (a) purposes, an action from which no appeal has been taken is considered terminated 30 days after entry of a court's order of dismissal, as this date represents the expiration of the party's right to appeal (see Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206 [2020]). In this case, Supreme Court's order dismissing the 2009 action was entered on September 4, 2015, and the action, for CPLR 205 purposes, was considered terminated on October 4, 2015. Plaintiff's contention that the six-month period is calculated from the date of service of the order, with notice of entry, has been rejected (see Pi Ju Tang v St. Francis Hosp., 37 AD3d 690, 691 [2007]). The six-month savings period set forth in CPLR 205 (a) expired on April 4, 2016, approximately 15 months prior to the commencement of the instant action. As such, Supreme Court properly granted defendant's motion for summary judgment dismissing the instant action as untimely.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: At some point thereafter, but prior to the issuance of an order by Supreme Court on defendant's motion, plaintiff became Nationstar's successor in interest.

Footnote 2: No appeal was taken from Supreme Court's 2015 order dismissing the 2009 action. Instead, the instant action was commenced in 2017 and plaintiff appeals the dismissal of that action.