*Avail Holding LLC v. Frances Ramos, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            REENA RAGGI,
                    *Circuit Judges.*

---

AVAIL HOLDING LLC,

          *Plaintiff-Counter-Defendant-Appellant,*             19-4235

          v.

FRANCES RAMOS,

          *Defendant-Counter-Claimant-Appellee,*

COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK SOCIAL SERVICES DISTRICT, CREDIT ACCEPTANCE CORPORATION, CITY OF NEW YORK, ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

          *Defendants.*

---

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:**             GLENN P. WARMUTH, Stim & Warmuth
                                 P.C., Farmingville, NY.

**FOR DEFENDANT-COUNTER-**
**CLAIMANT-APPELLEE:**                                    CHRISTOPHER NEWTON, Queens Legal
                                                                        Services, Jamaica, NY.

      Appeal from a December 5, 2019 judgment of the United States District Court for the
Eastern District of New York (Brian M. Cogan, *Judge*).

      **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**
**ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is
**AFFIRMED.**

      Plaintiff-Counter-Defendant-Appellant Avail Holding LLC ("Avail") appeals the District
Court's grant of summary judgment to Defendant-Counter-Claimant-Appellee Frances Ramos. At
issue is whether Avail is time-barred from bringing a foreclosure proceeding against mortgagor
Ramos. The District Court held that Avail *is* time-barred because the relevant statute of limitations
under New York law—6 years for foreclosure actions, *see* N.Y. C.P.L.R. § 213(4)—began to run in
2011, when the first foreclosure action over the mortgage ("the 2011 action") was brought by FCDB
FF1 2008-1 Trust ("FCDB"), and FCDB notified Ramos it was accelerating the mortgage debt. The
District Court concluded that by 2019, when Avail filed the instant case, the limitations period had
run.

      Avail argues on appeal that the District Court erred by concluding that FCDB had
"standing"[1] and capacity to bring the 2011 action, contending instead that because FCDB lacked
both standing and capacity at that time, the statute of limitations period did not begin to run then.
As a result, Avail argues, its suit is timely and summary judgment should not have been granted to
Ramos. Moreover, Avail argues that Ramos should be estopped from contending in the instant
action that FCDB *did* have standing in 2011—and thus contending that the statute of limitations
period began running then—because, in the 2011 action, Ramos made the exact opposite argument,
contending that FCDB then lacked standing to sue. Finally, Avail argues that the District Court
erred because, no matter the merit of Ramos' argument on standing, it should not have granted
summary judgment on an issue she first raised in her reply papers. We assume the parties' familiarity
with the underlying facts, the procedural history of the case, and the issues on appeal.

----

    [1] We use the term "standing" as the parties do, *i.e.*, to indicate whether FCDB had authority to
accelerate and foreclose on the mortgage. *See generally Bank of N.Y. Mellon v. Cronin*, 151 a.d.3D 1504,
57 N.Y.S.3d 733 (3d Dep't 2017) (explaining that possession of mortgage note can demonstrate
"standing" to foreclose).

*I: Judicial Estoppel*

At the threshold, we conclude that judicial estoppel did not foreclose Ramos from arguing before the District Court that FCDB had standing in the 2011 action, even if she argued differently during the 2011 action. We review a district court's decision not to invoke judicial estoppel for abuse of discretion. *See Clark v. All Acquisition, LLC*, 886 F.3d 261, 265-66 (2d Cir. 2018). "[J]udicial estoppel may be applied to bar a party from asserting a factual position" when two conditions are met: (1) "that party advanced a clearly inconsistent position in a prior proceeding," and (2) "that inconsistent position was adopted by the court in some manner," including "by obtaining a judgment." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98 (2d Cir. 1997) (internal citation omitted). But if "any of these elements are missing, judicial estoppel does not apply." *Id.*

In the present case, at least one of the elements necessary for judicial estoppel is missing. Specifically, the court in the 2011 action did not adopt Ramos' position that FCDB lacked standing. Because the second prong of the judicial estoppel test is thus not met, the District Court correctly determined that Ramos was not estopped from arguing that FCDB had standing in 2011.

*II: Summary Judgment*

Avail advances several arguments in support of its contention that summary judgment was wrongly granted to Ramos. "We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment is sought." *Oxford University Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 103 (2d Cir. 2019) (internal alterations and quotation marks omitted). On such review, we conclude that Avail's challenges are unavailing.

*First,* Avail challenges the District Court's conclusion that its complaint allegation that FCDB lawfully possessed the note and mortgage at issue in 2011 constituted a judicial admission, which confirmed that the statute of limitations began to run with FCDB's 2011 action. To the contrary, Avail contends that it merely stated that FCDB held the note and mortgage without admitting that FCDB validly did so. But even assuming *arguendo* that this allegation was not a judicial admission, this is not enough to overcome Ramos' *prima facie* showing that FCDB did, in fact, validly hold the note and mortgage, and thus validly accelerated the debt in the 2011 action.

Specifically, Ramos demonstrated that FCDB had attached the endorsed debt note to its complaint in the 2011 action. Under New York law, a plaintiff "has standing to prosecute [a foreclosure] action by demonstrating that it was in physical possession of the note" which can be accomplished by "annex[ing] [the note] to the complaint, at the time the action was commenced."— *JP Morgan Chase Bank, National Association v. Weinberger*, 142 A.D.3d 643, 645 (2d Dept. 2016); *see also U.S. Bank N.A. v. Collymore*, 68 A.D.3d 752, 753 (2d Dept. 2009) (noting that the "physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation,

3

and the mortgage passes with the debt as an inseparable incident"). So even assuming that Avail did not admit this fact in its complaint, it still did not proffer any affirmative evidence that FCDB lacked standing, as necessary to raise a material issue of fact precluding summary judgment to Ramos on the issue of FCDB's standing.

Insofar as Avail argues that the District Court should not have considered this argument because Ramos first introduced it in reply, we review a district court's decision to rely on arguments made in reply papers for abuse of discretion. *See Bayway Refin. Co. v Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000). We conclude that the District Court did not abuse its discretion in considering such an argument because Ramos (1) stated in her initial moving papers that FCDB was the owner of the note in 2011 and (2) submitted the 2011 complaint with that very note attached. Further, Ramos' reply responded directly to Avail's argument that there was a genuine issue of fact as to FCDB's possession of the note when it initiated the 2011 action. It is well established that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Id.* at 226-27. Avail neither objected to Ramos' reply argument in the District Court nor sought to file a sur-reply. In these circumstances, the District Court did not err in granting summary judgment to Ramos on the issue of FCDB's standing.

*Second*, Avail argues that regardless of whether FCDB had standing, it lacked the legal capacity as a trust authorized to do business in New York validly to commence the 2011 action. Under New York law, it "is clear that the defense of lack of capacity" is an affirmative defense that "must be raised in a pre-answer motion to dismiss or the answer, or else it will be waived." *Security Pacific Nat. Bank v. Evans*, 31 A.D.3d 278, 280 (1st Dept. 2006); *see also* NY C.P.L.R. § 3211(e). Since Ramos did not raise that argument in defense then, it is not available for Avail to raise in offense now.

In any case, New York courts have held that where a foreclosure action fails for a technical reason, other than a lack of standing, the action nonetheless serves to accelerate the mortgage. *See, e.g.*, *Kashipour v. Wilmingon Savings Fund Soc., FSB*, 144 A.D.3d 985, 986-87, 41 N.Y.S.3d 738 (2d Dep't 2016) (holding mortgage was accelerated in previous action even though that action was dismissed for failure to comply with N.Y. RPAPL § 1303); *see id.* at 987 (explaining that whether a claim is dismissed on merits is not material to whether mortgage was accelerated); *Beneficial Homeowner Serv. Corp. v. Tovar*, 150 A.D.3d 657, 658, 55 N.Y.S.3d 59 (2d Dep't 2017) ("[T]he fact that the [previous] 2007 action was dismissed as against the defendant homeowner for failure to effectuate personal service d[id] not invalidate the plaintiff's election to exercise its right to accelerate the maturity of the debt" in 2007.).

Accordingly, as the District Court concluded, Avail's capacity challenge did not preclude summary judgment.

4

## CONCLUSION

We have reviewed the remaining arguments raised by Avail on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk