Wells Fargo Bank, N.A. v Yoo Mi Min (2022 NY Slip Op 01265)





Wells Fargo Bank, N.A. v Yoo Mi Min


2022 NY Slip Op 01265


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 850295/17 Appeal No. 15370 Case No. 2021-00132 

[*1]Wells Fargo Bank, N.A., Plaintiff-Appellant,
v
Yoo Mi Min, Also Known as Yoomi Min, Defendant-Respondent, Ji You Min, Also Known as Yi Joun Min et al., Defendants.


McCalla Raymer Leibert Pierce LLC, New York (Charles H. JeanFreau of counsel), for appellant.
Law Firm of Kim Choi & Kim, P.C., Bayside (Dong Sung Kim of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 2, 2019, which denied plaintiff's motion for summary judgment and granted defendant Yoo Mi Min a/k/a Yoomi Min's cross motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.
Defendant established prima facie that this 2017 foreclosure action was commenced more than six years from the date on which the debt was accelerated (CPLR 213[4]; see Norddeutsche Landesbank Girozentrale v Tilton, 149 AD3d 152, 158 [1st Dept 2017]), and plaintiff failed to raise an issue of fact (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644 [1st Dept 2019], lv denied 34 NY3d 1010 [2019]).
The mortgage was accelerated when plaintiff's predecessor commenced the first foreclosure action in 2010 (see Nationstar Mtge. LLC v Islam, 158 AD3d 553, 553 [1st Dept 2018]; City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558, 559 [1st Dept 1982]). Plaintiff elected to accelerate by an unequivocal overt act (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22-23 [2021]). It stated in its complaint that "the [d]efendant(s) . . . has/have failed to comply with the conditions of the mortgage and note . . . . Accordingly, [p]laintiff elects to call due the entire amount secured by the mortgage." The 2010 action was marked "off" the calendar in March 2014 due to plaintiff's failure to comply with a court directive. Although plaintiff moved in 2015 and again in 2016 to vacate and restore the action without prejudice, the action was never restored.
The fact that the 2010 action was marked "off," as opposed to dismissed, does not alter the result (see CPLR 3404 ["A case . . . marked 'off' . . ., and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed"]). Plaintiff failed to rebut the presumption of abandonment (see Solow v Stuart, 223 AD2d 458 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022