Wilmington Sav. Fund Socy., FSB v Milne (2025 NY Slip Op 00181)

Wilmington Sav. Fund Socy., FSB v Milne

2025 NY Slip Op 00181

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 850241/22 Appeal No. 3463 Case No. 2024-02420 

[*1]Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust etc., Plaintiff-Appellant,
v
William W. Milne, Defendant-Respondent, Board of Managers of the Lions Head Condominium et al., Defendants.

Knuckles & Manfro, LLP, Tarrytown (John E. Brigandi of counsel), for appellant.
Charles Wallshein PLLC, Melville (Charles Wallshein of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about April 4, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's cross-motion to dismiss the complaint pursuant to CPLR 3212 and CPLR 213(4), unanimously reversed, on the law, without costs, the cross-motion denied, and the complaint reinstated.
On March 28, 2008, defendant, William Milne, delivered to plaintiff's predecessor-in-interest, JP Morgan Chase Bank, N.A., a note for $1 million and a mortgage securing 121 West 19th Street, Unit 6F, New York, New York. On May 1, 2013, JP Morgan commenced a foreclosure action in which JP Morgan accelerated the amounts due under the note. While the action was pending, JP Morgan assigned the note to plaintiff. On June 3, 2016, the court marked the matter off calendar without prejudice to restore by way of motion for failure to file an application for an Order of Reference. Plaintiff moved to restore and for a default judgment. Defendant opposed and cross-moved to dismiss based on CPLR 3215(c). On June 12, 2018, the court denied plaintiff's motion and granted defendant's cross-motion.
On April 29, 2019, plaintiff brought a second foreclosure action on defendant's mortgage. On July 7, 2022, the court dismissed the action for failure to comply with RPAPL 1304.
On November 7, 2022, within six months of the dismissal of its 2019 foreclosure action, plaintiff filed this action seeking to foreclose on the same mortgage. Defendant was served on December 23, 2022.
Plaintiff could rely on CPLR 205-a to render this action timely. Initially, because plaintiff brought the 2019 action on April 29, 2019, within six years of the note's acceleration on May 1, 2013, plaintiff did not need to rely on the CPLR 205(a) to bring that action. As a corollary, the provision in CPLR 205(a) that bars that statute's use based on, among other things, a dismissal pursuant to CPLR 3215(c), did not bar the 2019 action (see CPLR 205[a]). Consequently, for purposes of interpreting CPLR 205-a, the 2019 action, not the 2013 action, is the original action, and plaintiff, not JP Morgan, is the "original plaintiff."
Several points follow from these conclusions. First, because the original action — the 2019 action — was dismissed because plaintiff failed to comply with RPAPL 1304 and not for failure to take proceedings, the clause in CPLR 205-a (a) barring the use of the savings provision where the prior action was dismissed "for any form of neglect" does not apply here. Second, because this action is the first time any party has invoked any savings provision with regard to defendant's note, plaintiff did not trigger the bar in CPLR 205-a(a)(2) that prevents a plaintiff from using the savings provision more than once. Third, because plaintiff, not JP Morgan, was the "original plaintiff," plaintiff is not "an assignee of the original plaintiff" such that CPLR 205-a(a)(1) would constitute a bar to plaintiff's institution of this [*2]action.
Defendant's argument that JP Morgan filed an earlier foreclosure action on the same mortgage, in 2011, that would change the foregoing analysis is unavailing. Defendant did not raise the 2011 action with the court, the contention is not a purely legal issue, and the complaint in the purported 2011 action is not in the record (see Bonaerge v Leighton House Condominium, 134 AD3d 648, 648 [1st Dept 2015]). While this Court may at times take judicial notice of other matters that had been before courts of this state, including the existence of the complaint (see One 32nd St. Corp. v Stewart, 199 AD3d 527, 529 [1st Dept 2021]), the Court declines to do so here. Even if the Court took judicial notice that JP Morgan filed the complaint, in determining whether plaintiff needed to rely on CPLR 205(a) to file the 2019 action, this Court would still need to review the 2011 complaint to determine whether it included a statement to the effect that JP Morgan elected to accelerate the note (see Wells Fargo Bank, N.A. v Yoo Mi Min, 202 AD3d 645, 645-646 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025