| **Dalton Dev. LLC v Federal Natl. Mtge. Assn.** |
| :---: |
| 2025 NY Slip Op 32139(U) |
| June 11, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500441/2023 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 11ᵗʰ day of June, 2025.

P R E S E N T :

HON. INGRID JOSEPH,
                                    Justice.
------------------------------------------------------------------------X
DALTON DEVELOPMENT LLC,

                            Plaintiff,
              -against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING
UNDER THE LAW OF THE UNITED STATES OF AMERICA,

                            Defendant.

_____


FEDERAL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING
UNDER THE LAW OF THE UNITED STATES OF AMERICA,

                            Third-Party Plaintiff
              -against-

TRENIA JOHNSON-NORFORD

                            Third-Party Defendant
------------------------------------------------------------------------X

Index No.: 500441/2023
Motion Sequence: 2, 3

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion, Affirmations, and Exhibits Annexed | 37-57 |
| Affirmation in Opposition, Notice of Cross Motion, Affirmations and Exhibits Annexed | 63-72, 73-83 |
| Affirmation in Reply and Affirmation in Opposition to Cross-Motion | 84, 85 |
| Affirmation in Reply to Cross-Motion | 86 |

1

[* 1]

In this quiet title action, plaintiff Dalton Development LLC ("Plaintiff") moves for summary judgment, pursuant to CPLR 3212 and RPAPL Article 15, seeking to extinguish the consolidated mortgage held by defendant/third-party plaintiff Federal National Mortgage Association ("Defendant" or "Fannie Mae") and cancel the lis pendens encumbering the property known as 346 Marcus Garvey Boulevard in Brooklyn ("Subject Property") (Mot. Seq. No. 2). Plaintiff also seeks summary judgment dismissing Defendant's counterclaim for breach of contract (Mot. Seq. No. 2). Defendant opposes the motion and cross-moves for a stay of the instant action pursuant to CPLR 2201 (Mot. Seq. No. 3).

On or about February 16, 2006, the prior owner of the Subject Property, third-party defendant Trenia Johnson ("Borrower Johnson") secured a mortgage against the property in the amount of $637,500.00 ("First Mortgage") from Mortgage Electronic Registration Systems, Inc. ("MERS"). She subsequently secured a second mortgage in the principal amount of $37,941.03 ("Second Mortgage") on or about December 14, 2007. The first and second mortgages were consolidated to form a single lien in the amount of $656,000.00 ("Consolidated Mortgage").

On or about May 29, 2014, Plaintiff, as purchaser, entered into a contract of sale ("Contract") with Borrower Johnson, as seller, to purchase the Subject Property. In or about June 2015, after a series of assignments, Defendant Fannie Mae became the current note holder on the Consolidated Mortgage.

On or about June 24, 2020, Borrower Johnson commenced an action in this court against the Plaintiff seeking to cancel the Contract and have it declared null and void (*Johnson v Dalton Development, Inc.*, Index no. 510882/20). By order dated August 3, 2022, the court granted, on default, Plaintiff's motion for summary judgment to dismiss the action and directed Borrower Johnson to transfer the Subject Property to Plaintiff pursuant to the terms of the Contract (NYSCEF Doc No. 30). Plaintiff alleges to have acquired the Subject Property on March 3, 2023, but annexes a deed dated and notarized August 25, 2022. This transfer has been recorded on the Automated City Register Information System ("ACRIS").

On or about April 2, 2010, Defendant's predecessor in interest (Onewest Bank, FSB) commenced a foreclosure action regarding the Consolidated Mortgage and Subject Property under Index No. 8354/2010. By decision and order dated December 14, 2012, the court denied Defendant's predecessor in interest's motion for summary judgment without prejudice, and on December 19, 2013, the court issued a ninety-day conditional order of dismissal ("Conditional

Order"). The Conditional Order, rendered more than a year since joinder of issue, specifically stated that Defendant's predecessor in interest had "unreasonably neglected to prosecute this action." Plaintiff alleges that on or about July 24, 2014, after almost seven months of inactivity, the 2010 Foreclosure Action was dismissed and annexes an e-Court description of the action which evidences a February 5, 2015 filing of a motion to restore and a May 22, 2023 motion to vacate. On or about September 21, 2023, the court issued a decision and order denying Defendant's predecessor in interest's motion to vacate the Conditional Order. This order referenced the December 19, 2013 conditional dismissal and specifically noted as a basis for denial the "movant's gross neglect in waiting almost 10 years in seeking relief." The last line of the order reads "Action remains dismissed."

On or about December 15, 2017, Defendant appeared to have abandoned the 2010 Foreclosure Action and initiated a new foreclosure action identified as Index No. 524203/2017 ("2017 Foreclosure Action"). Borrower Johnson filed an answer on or about January 29, 2018. Subsequently, on August 13, 2019, the court issued a decision and order denying Defendant's motion for summary judgment and granting Borrower Johnson's cross motion to dismiss the action as time barred.

On or about January 5, 2023, Plaintiff commenced this quiet title action, and on January 26, 2023, it amended its summons and complaint pursuant to CPLR 3025 (a). On or about September 20, 2023, Defendant filed a verified answer with counterclaims and a third-party complaint.

Plaintiff contends that the 2010 Foreclosure Action triggered acceleration of the Consolidated Mortgage. Because that action was dismissed, the Plaintiff argues that the statute of limitations has expired, preventing the Defendant from initiating another foreclosure proceeding, and that the mortgage should therefore be extinguished under RPAPL Article 15. Alternatively, Plaintiff argues that Defendant abandoned the 2010 Foreclosure Action, and pursuant to RPAPL § 1301, the Consolidated Mortgage was rendered time barred pursuant to the 2017 Foreclosure Action court order. Plaintiff also argues that Defendant's counterclaim for breach of contract should be dismissed because Defendant lacks privity of contract with Plaintiff and Borrower Johnson.

In opposition, Defendant argues that Plaintiff failed to rebut Defendant's affirmative defenses and alleges that Plaintiff is in exclusive possession of material facts, warranting denial of

3

[* 3]

Plaintiff's motion pursuant to CPLR 3212 (f). Specifically, Defendant alleges that Borrower Johnson represented to Defendant that she never delivered a deed to the Subject Property to Plaintiff and never received payment. Defendant also argues that a short-sale rider annexed to the Contract renders Defendant a "creditor beneficiary" with proper standing to make a breach of contract counterclaim. Defendant also cross-moves for a stay of the instant action, since Defendant is appealing the September 21, 2023 Order denying Defendant's motion to vacate the Conditional Order entered in the 2010 Foreclosure Action.

Summary judgment is a drastic remedy, warranted only where the movant can demonstrate the absence of any relevant material issue of fact, and therefore is entitled to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). Once this burden is met, the party opposing the motion, "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Daliendo v Johnson*, 147 AD2d 312, 317 [2d Dept 1989]). CPLR 3212 (f) permits denial of a summary judgment motion where it appears that facts essential to oppose the motion may exist but are unavailable to the opposing party.

An action to foreclose a mortgage to recover unpaid sums which were due must be commenced within six years (CPLR 213 [4]). Regarding a mortgage payable in installments, "separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due." (*FV-1, Inc. v Palaguachi*, 234 AD3d 818, 820-21 [2d Dept 2025]). Even where a mortgage is payable in installments, however, "once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt." (*CV XXVIII, LLC v Williams*, 236 AD3d 753, 754 [2d Dept 2025]).

Filing of a summons and complaint with notice of pendency is an overt act and sufficient indication of the intent to accelerate the mortgage (*see Albertina Realty Co. v Rosbro Realty Corp.*, 258 NY 472, 476 [1932]; *Clayton Nat., Inc. v Guldi*, 307 AD2d 982 [2d Dept 2003]; *City Streets Realty Corp. v Jan Jay Const. Enterprises Corp.*, 88 AD2d 558, 559 [1st Dept 1982]; *see also Milone v U.S. Bank Natl. Assn.*, 164 AD3d 145, 152 [2d Dept 2018]). The revocation of an election to accelerate a mortgage debt may also be accomplished by an "unequivocal overt act" (*see Emigrant Bank v McDonald*, 197 AD3d 453, 455 [2d Dept 2021]). Prior to the Court of Appeals decision in *Freedom Mortgage Corp. v Engel*, (37 NY3d 1 [2021]), the execution of a stipulation

4

[* 4]

of discontinuance did not, "by itself, constitute an affirmative act to revoke its election to accelerate" if the stipulation is silent on the issue of the election to accelerate (*see Bank of New York Mellon v Craig*, 169 AD3d 627, 629 [2d Dept 2019]). Similarly, an order of discontinuance, on its own, is insufficient to evidence an affirmative act to revoke the election to accelerate the mortgage debt (s*ee Beneficial Homeowner Serv. Corp. v Tovar*, 150 AD3d 657, 658 [2d Dept 2017]).

In *Engel*, the Court of Appeals held that a voluntary discontinuance "constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." (*Freedom Mortgage Corp. v Engel*, 37 NY3d at 32). This ruling allowed mortgage foreclosure plaintiffs to restart the statute of limitations unilaterally at will. However, in 2022, the Legislature enacted the Foreclosure Abuse Prevention Act ("FAPA"), which overruled the *Engel* decision and amended CPLR 203 to include subsection (h), which provides that "…no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute." FAPA also amended RPAPL § 1301 (4) which now reads as follows:

> (4) If an action to foreclose a mortgage or recover any part of the
> mortgage debt is adjudicated to be barred by the applicable statute
> of limitations, any other action seeking to foreclose the mortgage or
> recover any part of the same mortgage debt shall also be barred by
> the statute of limitations.

As to Plaintiff's motion pursuant to RPAPL § 1501 (4), that provision provides that a party seeking prima facie entitlement to judgment as a matter of law to invalidate a mortgage must establish that a foreclosure action commenced by the defendant mortgagee was dismissed and that commencement of a new foreclosure action would be time barred by the applicable statute of limitations (*JBR Const. Corp. v Staples*, 71 AD3d 952, 953 [2d Dept 2010]; CPLR 213 [4]).

Here, the Plaintiff has established prima facie entitlement to judgment as a matter of law. It is undisputed that Defendant's predecessor in interest commenced the 2010 Foreclosure Action regarding the Consolidated Mortgage and Subject Property on April 2, 2010, and accelerated the mortgage by declaring the entire unpaid principal balance immediately due and payable. Thus, the

5

statute of limitations began to run on April 2, 2010 (*see US Bank N.A. v Outlaw*, 217 AD3d 721 [2d Dept 2023]). Plaintiff demonstrated that after the 2010 Foreclosure Action was dismissed in 2014, neither Defendant's predecessor in interest nor Defendant commenced another foreclosure action within the six-year period from when the debt was accelerated, that is, April 2, 2016. In fact, it was not until November 6, 2017 that Defendant commenced the 2017 Foreclosure Action concerning the same Consolidated Mortgage which was subsequently dismissed as time barred by decision and order of the court dated August 13, 2019.

In opposition, the Defendant neither addresses the statute of limitations argument nor did it assert any related defense in its answer. Consequently, the Defendant has failed to establish a triable issue of fact regarding whether the statute of limitations was tolled or revived. While Defendant alleges there are facts that may exist necessary to oppose the motion, CPLR 3212 (f) requires the party opposing the motion for summary judgment to "allege the existence of proof in admissible form which presents a triable issue of fact or an acceptable excuse for the absence of first-hand knowledge" (*Desena v City of New York*, 65 AD3d 562, 563 [2d Dept 2009]). Specifically, Defendant contends that Borrower Johnson never transferred the deed to the Subject Property to Plaintiff and never received payment. In support, Defendant submits the affirmations of Timothy W. Salter, an associate at McCarter & English, LLP, counsel for Defendant, and Alan Blunt, Assistant Secretary and Assistant Vice President of Nationstar Mortgage, LLC d/b/a Mr. Cooper. Notably, no affirmation or affidavit from Borrower Johnson was provided. The submitted affirmations are self-serving and rely on hearsay, and therefore fail to constitute evidentiary proof in admissible form (*see Mascoli v Mascoli*, 129 AD2d 778, 779 [2d Dept 1987]; *Homart Dev. Co. v Graybar Elec. Co.*, 63 AD2d 727, 727 [2d Dept 1978]). A deed for the Subject Property has been duly recorded on ACRIS, and Defendant's proffered evidence is inadequate to warrant denial under CPLR 3212 (f). A determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (*see Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2d Dept 2007]). Defendant has failed to make such showing. Accordingly, that branch of Plaintiff's motion seeking to extinguish and discharge of record the Consolidated Mortgage pursuant to RPAPL § 1501 (4) is granted.

In light of the foregoing, Defendant's counterclaim for breach of contract is also time barred and hereby dismissed (*see Sakar v Deutsche Bank Trust Company Americas*, 225 AD3d

6

[* 6]

641, 643 [2d Dept 2024]; *HSBC Bank USA, N.A. v Francis*, 214 AD3d 58, 63 [2d Dept 2023]; *see also Berger v Prospect Park Residence, LLC*, 166 AD3d 937, 938 [2d Dept 2018]; RPAPL § 1301 [4] ["If an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or *recover any part of the same mortgage debt* shall also be barred by the statute of limitations"] [emphasis added]).

Finally, in light of the prolonged nature of this litigation, the Defendant's repeated delays in prosecution, and the low likelihood of success on appeal, the Defendant's request for a stay pending appeal is denied.

The parties' remaining contentions were considered and found unavailing or moot in light of the court's determination.

Accordingly, it is

**ORDERED** that the Plaintiff's motion for summary judgment is granted, and it is further

**ORDERED** that the Clerk of this County is directed, upon payment of proper fees, if any, to cancel and discharge of record the Consolidated Mortgage against the real property at 346 Marcus Garvey Boulevard, Brooklyn, New York (Block 1831, Lot 42); and it is further

**ORDERED** that the Clerk of this County is hereby directed to cancel the Notice of Lis Pendens filed against the real property at 346 Marcus Garvey Boulevard, Brooklyn, New York (Block 1831, Lot 42); and it is further

**ORDERED** that Defendant's cross-motion for a stay is denied, and it is further

**ORDERED** that Plaintiff's counsel is directed to electronically serve a copy of this decision/order with notice of entry on the Defendants' respective counsel and to electronically file an affidavit of service with the Kings County Clerk.

This constitutes the Decision and Order of this Court.

_____
HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

[* 7]